KENTUCKY CENTRAL R. R. Co. *v.* E. M. THOMAS, ADMR.

[Abstract Kentucky Law Reporter, Vol. 6—599.]

**Contributory Negligence.**

If an injury is occasioned entirely by the negligence of the defendant then the plaintiff is entitled to recover; but if the plaintiff (or decedent) so far contributed to it by his own neglect, that but for it the misfortune would not have occurred, then the defendant should not be made to suffer.

**Prima Facie Negligence.**

When there is ample room in the passenger cars of a railroad company but a passenger places himself in a more dangerous position upon the train, his negligence is prima facie shown and the burden is cast upon him to avoid it.

**Knowledge of Railroad Company That Passenger is in an Exposed Position.**

If a passenger on a railroad train takes his position outside of a passenger coach and the employes of the company charged with running the train know it and either consent or do not object to it and injury thereby results, the railroad company will be held liable.

APPEAL FROM HARRISON CIRCUIT COURT.

February 14, 1885.

OPINION BY JUDGE HOLT:

The appellee's intestate, Edwin M. Thomas, was an Adams Express Messenger over the appellant's road, and while not on duty, but when on a return trip for the purpose of again going out in charge of freight, and when riding in the express car, he was killed by a collision, which wrecked the engine, and the baggage and express, but not the passenger cars.

Whether the wreck was caused by the negligence of the appellant's agents in charge of the train, is in dispute; but as to it, the testimony is conflicting, and hence so far as this court is concerned the verdict must be regarded as conclusive, and the main question presented by the appeal in this action which was brought under section 1, chapter 5, of the General Statutes for damages for the killing of Thomas, is whether he was guilty of such contributory negligence, but that for it, he would not have lost his life.   The

rule upon this point is well settled. If it was occasioned entirely by the negligence of the appellant, then the plaintiff is entitled to recover; but if the decedent so far contributed to it by his own neglect, that but for it the misfortune would not have occurred, then the defendant should not be made to suffer; and the rule applies equally whether the decedent's negligence exposed, him to the injury, or whether it aided in causing the accident from which the injury resulted.

Although by the contract between the two companies, the appellant was to transport the express messengers, yet when they were not in charge of freight and on duty, they must be regarded as passengers.

The decedent when there was ample room in the passenger cars, voluntarily placed himself in a more dangerous position upon the train, and when this appears as to a passenger, his negligence is *prima facie* shown and the burden is cast upon him to avoid it; but the appellant had a right to carry passengers in its express car if it saw proper to do so, and they had a right to be there by appellant's consent. We are aware that it has been held in some cases that the managers of a train are not bound to restrict the passengers as to their proper place, and from imprudent acts, and if not induced by the managers to take exposed positions, and they do so without occasion, it is at their own risk, even if it be with the consent of the managers, but in our opinion the proper rule is that if the latter know of it, and consent or do not object to it, and injury thereby results, liability should accrue. *Burns v. Bellefontaine R. Company,* 50 Mo. 139.

Undoubtedly it ought not to be required of the agents of a railroad company to keep passengers in their proper place, but if they know that they are in exposed and improper places on the train, it is their duty to forbid it, and if they do not, and injury accrues, the company should be held responsible although it may not in express terms by its agents have invited or required the passenger to take such position. In the case of *O'Donnel v. Alleghany Valley R. Company,* 50 Penn. 239, this question was fully discussed. It was a case much like this one. O'Donnel was a laborer and by a contract between his employer and the railroad company, he was carried back and forth as a passenger to the place of labor. While riding in the baggage car with the knowledge of and without objec-

tion by the conductor, he was injured when he would not have been, if he had been in the passenger coach.

It was proven that it was customary with him to so ride, and that the conductor knew it and never objected. The testimony showing that he was in the habit of so riding was admitted, and it was held that the passenger travels under the charge of the conductor, and that the jury had a right to presume from the evidence that O'Donnell was in the baggage car by the permission of the conductor, and therefore rightfully there.

This case has been once before in this court upon an appeal by the present appellant (79 Ky. 160), and upon the first trial of the case below, the counsel for the appellant judging from the instructions then asked by them seem to have recognized what we regard as the correct rule; but upon that trial there was no evidence showing that the officer in charge of the express car when Thomas was killed, and the baggage master knew of his presence there.

Upon the last trial, however, this was clearly proven, and the effort then upon appellant's part was by the instructions to the jury to confine this knowledge to the conductor, and it is now urged that this should be the rule. It is true he is, as to the train under his charge, the general agent of the company, but the baggage master might well have the control of the express or mail car as indeed is shown by rule 44 of appellant. It reads thus: "Conductors and baggage masters must not allow any person to ride in the baggage, mail or express cars, whose duty does not require them to be there."

The testimony shows that while the conductor did not know that the deceased was in the express car, yet the baggage master did, and that the latter by an agreement between him and the conductor and with the consent of the appellant's superintendent, had control of the baggage and express cars.

The jury had a right to infer from this knowledge of the agent of appellant, who was in control of the car, that Thomas was there by his consent, and the testimony tending to show that the deceased was in the habit of riding there, even when not on duty was competent to go to the jury for the same purpose.

This court in its former opinion in this case, through its lamented then Chief Justice used this language: "But if the nature of the accident be such that the danger of injury was not enhanced in consequence of the position occupied by the passenger, or if the

accident was of such a nature as was as likely to occur in one portion of the train as another, or if he occupied the place with the knowledge or consent of the conductor, his right of recovery will not be affected by the fact that he was at an improper place."

We still adhere to this rule, and it of course applies equally whether the conductor or some other agent of the company is in charge of the particular car or cars into which the passenger may improperly go; and in the former opinion the conductor alone was named, because the record then did not show that the car in which the decedent was when he was killed, was then under the control of another agent of the appellant.

It is perhaps needless to review the instructions that were given to the jury. It is alleged in the petition that the appellant by its contract with the express company, "undertook and agreed for a stipulated valuable consideration to transport upon its said cars (speaking of its cars generally) the agents of said company and the freight consigned to them."

The response in the answer to this is as follows: "The defendant denies that there was any contract at the time when the said plaintiff's intestate was killed between the said Adams Express Company and the defendant whereby the defendant undertook or agreed to carry the messengers of the said express company in the said car provided by the said defendant for the transportation of the freight in charge of the messengers of the said express company, except such messenger or messengers as might for the time being be on duty and have the said freight in charge."

It can hardly be said that there was no issue whatever as to the terms of the contract, and yet the first instruction given at the instance of the plaintiff perhaps gave undue prominence to the contract and the fact that the decedent was the messenger of the express company; but even if this be so, it was fully cured by instruction "F" which distinctly told the jury that he occupied the relation of a passenger and if anything inclined too far to the view of appellant's counsel by telling the jury that it was the decedent's duty to have occupied a passenger car unless the appellant's agent in charge of the train had assigned him a different place, and if he voluntarily and for his own convenience and not by the direction of the defendant's agent in charge of the train, went to a more

dangerous place to ride and thereby lost his life, he could not recover.

The third instruction is like one given upon the first trial and which this court upon a former appeal approved.

The amendments made by the court to instruction "A" asked by the appellant were proper because without them the jury were limited to finding whether the decedent was riding in the express car with the knowledge or consent of the conductor, even if the baggage master was then in charge of that car; and for the same reasons instructions "C" and "D" asked by the appellant were properly refused.

An inspection of the record discloses that the last named instruction is not equivalent to instruction "A" asked by the appellant upon the first trial, and which this court upon the evidence then in the record, held should have been given. Upon the contrary, instruction "F" given upon the last trial conforms in substance to said instruction "A." Instruction "B" asked by the appellant was properly refused as it simply told the jury that if at the time of the accident the decedent was voluntarily and for his own convenience, in the express car, there could be no recovery. It should also have embraced the question whether he was there with the knowledge or by the consent of the appellant's agent then in charge of the car, and by reason of not doing so, was calculated to mislead the jury. The appellant has "twice" had its day in both this and the court below, and so we perceive no error connected with the last trial prejudicial to its substantial right the judgment is affirmed.

Judgment *affirmed.*

*O'Hara & Bryan,* for appellants.

*J. Q. Ward, C. W. West,* for appellee.

[Cited, *Louisville & N. R. Co. v. Beard,* 28 Ky. L. 922, 90 S. W. 944.]