CASE 35.--ACTION BY COMMONWEALTH FOR USE OF
CHRISTIAN COUNTY AGAINST L. R. DAVIS, EX-
SHERIFF OF SAID COUNTY, TO SURCHARGE
CERTAIN SETTLEMENTS.—January 29, 1908.

## Davis, Ex-Sheriff, &c. v. Commonwealth, &c.

Appeal from Christian Circuit Court.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Taxation—Collection—Sheriffs—Accounts—Surcharging Set-
    tlements—Necessity for Demand.—Before suing to surcharge
    a former sheriff's settlements for taxes collected, on the
    ground of fraud and mistake, it is unnecessary to make a
    demand upon him or his bondsmen for the money due, or
    that one be appointed to receive it; such demand and ap-
    pointment being necessary where there has been a settle-
    ment and a balance is shown thereby to be due the county.
2.  Same—Mistake of Law—Effect.—That on a sheriff's settle-
    ments he was allowed to retain money collected as penalties
    on taxes under county commissioners' and his mutual mis-
    take of law that he was entitled to do so is sufficient to
    authorize an action to surcharge the settlements.
3.  Same—Conclusiveness of Settlements.—Ky. St. 1903, section
    4146, provides that the report of a settlement of a sheriff's
    amount of taxes collected shall be subject to exceptions by
    the sheriff or county attorney, that either may appeal from
    the county court's judgment on settlement, or that action
    may be brought to correct the settlement. Held, that a
    county attorney's failure to except to a settlement in which
    the sheriff improperly retains money collected as penalties
    on delinquent taxes, does not bar an action by the com-
    monwealth for the use of the county to surcharge the
    settlement.
4.  Same.—Ky. St. 1903, section 4146, provides that the report of
    a settlement of a sheriff's amount of taxes collected shall be
    subject to exceptions by the sheriff or county attorney, that
    either may appeal from the county court's judgment on the
    settlement, or that actions may be brought to correct the

Davis, Ex-Sheriff, &c. v. Commonwealth, &c.

settlement, and that, when approved, it shall be recorded. Held, that the recording of a settlement does not conclude an action to surcharge it for fraud or mistake; it not becoming a settlement or having binding force as such until recorded, and the provision authorizing such actions relating to recorded settlements.

5.    Same—Attack Not Collateral.—Ky. St. 1903, section 4146, provides that the report of a settlement of a sheriff's account of taxes collected shall be subject to exceptions by the sheriff or county attorney, that either may appeal from the county court's judgment on the settlement, or that actions may be brought to correct the settlement. Held, that though such settlements may not be attacked collaterally, an action by the commonwealth for the use of a county to surcharge a former sheriff's settlement is a direct attack authorized by the statute.

6.    Same—Tax Penalties—County Entitled To.—Penalties on Delinquent county taxes belong to the county, and the sheriff collecting them must account for them on his official bond.

7.    Same—Settlement—Suit to Surcharge—Limitation.—Ky. St. 1903, section 4146, provides that the report of a settlement of a sheriff's accounts of taxes collected shall be subject to exceptions by the sheriff or county attorney and that the county court shall determine the exceptions, that either party may appeal from the county court's judgment, or that actions may be brought to correct the settlement. Held, that where no appeal has been taken from the county court's order, and no judgment has been entered thereon, suit to surcharge the settlement may be brought, if not barred by the five-year statute of limitation.

DOWNER & RUSSELL for appellants.

JOHN C. DUFFY, County Attorney, J. E. BYARS, and FRANK RIVES for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant L. R. Davis was sheriff of Christian county, Kentucky, for the years 1902, 1903, 1904 and 1905. On the 8th day of October, 1903, he made settlement with O. H. Anderson, commissioner, for the revenues and taxes collected by him for the year

1902; on the 5th day of October, 1904, he made a like settlement with the same commissioner for the year 1903; on the 4th day of October, 1905, he made a like settlement with the same commissioner for the year 1904. These settlements were each received, filed in the office of the clerk of the Christian county court, and no exceptions having been filed to any of them, they were duly approved and ordered to record. In these settlements no sums collected by appellant Davis as penalties on county taxes not paid before December 1st of each of said years was ever reported by him; nor was he ever charged by said commissioner with any penalties so collected by him for any of said years. This action was filed on July 6th, 1906, against appellant and his bondsmen to surcharge each of said settlements on the ground of fraud and mistake; it being alleged that appellant collected penalties as aforesaid for the year 1902 in the sum of $479.72, for the year 1903 the sum of $668.80, for the year 1904 the sum of $859.57, and that no part of said sums was included in the settlements made for said years. Judgment was asked for the amount of said sums, with 6 per cent. interest thereon from the date of said settlements until paid. This action was filed at common law, but afterwards transferred to equity.

Appellants filed a general demurrer to appellees' petition which was overruled; thereupon they filed a joint answer. To this, appellees filed a general demurrer, which was sustained by the court. Appellees were then permitted to file an amended petition with attested copies of the settlements made by Davis. Thereafter appellants filed an answer to appellees' amended petition and an amended answer, to

both of which appellees filed a general demurrer, which was' sustained as to the latter and overruled as to the former. The case was then submitted to the court, and judgment rendered in favor of the appellees in the sum of $2,312.88. From this judgment this appeal is prosecuted.

Appellants' grounds of defense are as follows: (1) No demand was made of said sheriff or his bondsmen for the money sued for, nor was any one authorized to receive it. (2) There was no proof of fraud or mistake. (3) The recorded settlements made by the sheriff are binding and conclusive upon the county. These defenses will be considered in their order.

First. In support of their contention that prior demand for the money due, and the appointment of a person authorized to receive the same were necessary before the institution of the present action, they refer us to several cases where this court has held that when settlements have been made and a certain sum found to be due to the county, no suit can be maintained for the balance without a direction to pay to some one authorized to receive the same, and a demand first made by such person before the institution of the suit. Mullins, &c. v. Pendleton County Court, 6 Ky. Law Rep. 599; Commonwealth, Use, &c. v. McClure, &c., 20 Ky. Law Rep. 1568. In the latter case this court lays down the rule with clearness, and at the same time distinguishes it from a suit like the one at bar, which is an action to surcharge settlements. In that case the suit was a common-law action upon a sheriff's bond, and no attack was made upon the settlement itself. The court there said:

"The petition alleges that appellee McClure was sheriff, and had collected various large sums of

money, but did not allege that he had ever settled his accounts as sheriff with a commissioner as the law provides. If such a settlement had been made no suit, except to surcharge and correct that settlement, could be maintained, if it appeared there were no funds in his hands. If no settlement had been made by the sheriff no action could be maintained without an allegation that a commissioner had been appointed, and the sheriff had failed or refused to settle with him. There is no mention in the petition, nor in any amendment that any settlement was ever made by the appellee. It can not be said that the allegation that the sheriff had paid out all the money collected in taxes except the amounts retained as compensation is an allegation of a settlement, and that this action is to surcharge and correct that settlement, for this action was brought at law and such an action would be in equity. However, if the necessary allegations have been made, it would then have become the duty of the court, upon or without motion, to transfer to the right docket.

"Again, there is no specific allegation of a demand by any person authorized to receive it, and of a refusal to pay. True it is the duty of a collecting officer to pay over to the proper officer all sums so collected; but if these sums were allowed to the appellee in a settlement, by a former commissioner, there should have been some demand by or order to pay to the treasurer before action was brought.

"If there was a settlement made and approved by the proper authority it is prima facie correct, and the onus of surcharging or correcting same would be on appellant, Bourbon county. If that settlement showed these, or any, sums in the hands of the sheriff, no suit could be maintained for that balance with-

out a direction to pay to some person authorized to receive it and a demand by such person.''

It will be seen, therefore, that the appointment of a person to receive the same and a demand therefor are only necessary where there has been a settlement, and a balance shown by that settlement to be due the county. The reason for the rule is that the sheriff who is sued is entitled to know to whom the balance should be paid, and to have proper demand made for that balance before he can be subjected to the expense of a suit. In the case at bar no balance is shown to be due as the result of any of the settlements in question; appellant Davis paid all the sums found to be due by those settlements. The only way to determine whether anything else was due by him was to surcharge said settlements on the ground of fraud and mistake. No demand could be made beforehand for any specific sum for the reason that no one could foretell what the result of the action would be. Appellees did sue for certain specific sums, but appellant might have shown that when the settlements were properly corrected and surcharged, no such sums were due. The purpose of this action is to ascertain exactly what amount the appellant Davis does owe to the county. It could not be shown in any other way. The reason for the rule requiring proper demand by a person appointed for that purpose fails. We are, therefore, of opinion that the failure of appellees to show that proper demand had been made by the proper person did not constitute any defense to this action.

Second. The appellants contend that there was no proof of fraud or mistake; that for a number of years it had been the custom of the county, and the commissioners appointed to represent it, to allow the

sheriffs to retain the penalties on taxes; that appel-
lant Davis' settlements were made on this basis, and
with the understanding that he was entitled to the
penalties, and that he was not, therefore, guilty of
any fraud. We do not, ourselves, believe that the
settlements made by appellant were fraudulently
made; they were simply made upon the erroneous
basis that appellant and not the county, was entitled
to the penalties. Appellant contends that these set-
tlements were intentionally made, and were not,
therefore, the result of a mistake. If the mistake
were one of fact merely, that argument might have
some weight; but the mistake made by both the com-
missioner and by the appellant was to the effect that
the latter was entitled to the penalties. This mis-
take was one of law, and not of fact, and was evi-
dently a mutual mistake of the commissioner and
the appellant, and it was sufficient to authorize this
action.

Third. Are the recorded settlements made by the
sheriff binding and conclusive upon the county?
Section 4146, Ky. Stats., reads as follows:

"Each sheriff shall, when required by the fiscal
court, settle his accounts of county or district taxes;
and at the regular October term of each year the fis-
cal court shall appoint some competent person to set-
tle the accounts of the sheriff of money due the
county or district. The report of such settlement
shall be filed in the county clerk's office, and be sub-
ject to exceptions by the sheriff or county attorney,
who shall represent the Commonwealth and county,
and the county court shall try and determine such
exceptions. An appeal may be prosecuted by either
party from the judgment of the county court on such
settlements, in the same manner as provided by law

for appeals from judgments of the quarterly court, except that the county attorney should not be required to give an appeal bond, or actions may be instituted in any court of competent jurisdiction to correct the settlement; and the settlement, when approved, shall be recorded in the county clerk's office.''

It is admitted by the appellants in their joint answer that L. R. Davis, as sheriff of Christian county, collected and never accounted for the several sums claimed in the petition, and that he has kept the same; but it is claimed in defense of appellees' right to recover, that, as no exceptions were ever filed to the reports of settlements in the county court, and, as these settlements were approved and recorded, they are binding and conclusive upon the county, and are now a complete bar to this action. In the case of Little v. Strow, 23 Ky. Law Rep. 1829, exceptions were filed to the sheriff's settlements in the county court by a number of taxpayers. These exceptions having been overruled, the taxpayers appealed to the Marshall circuit court. The appeal was afterwards dismissed without prejudice by the plaintiffs, and suit instituted in the Marshall circuit court. The defense set up was that the law afforded plaintiffs two remedies to correct the errors in the settlements. One was to file exceptions to that part of the settlements which they complained of, and if not satisfied with the judgment of the county court to appeal to the circuit court; the other remedy was not to appear in the county court at all, but to institute a suit in equity to surcharge and correct the errors complained of; but that both remedies did not exist, and having elected to proceed by exceptions filed in the county court, they were estopped from resorting

to a bill in equity, citing the cases of Bell v. Han-
shaw's Exors, 91 Ky. 430, and Turley's Admr v.
Barnes, &c., 19 Ky. Law Rep. 1808. In deciding the
question this court said:

"We will first consider the last defense. Both of
the cases referred to were decided under section 978
of the Kentucky Statutes, which provides that 'from
all judgments and orders of the county court in the
settlement of the accounts of personal representa-
tives, assignees, guardians, trustees, curators and
other fiduciaries, appeals may be taken to the cir-
cuit court.'

"This section has no application to the settle-
ments made by sheriffs. They are regulated by the
provisions of section 4146, and this section is mater-
ially different from section 978. It provides that the
report of settlements made with sheriffs by the com-
missioner of the court 'shall be filed in the county
court clerk's office, and be subjected to exceptions by
the sheriff or county attorney, who shall represent
the Commonwealth and county, and the county court
shall try and determine such exceptions. An ap-
peal may be prosecuted by either party from the
judgment of the county court in the same manner
as provided by law in appeals from judgments of
the quarterly court. Or actions may be instituted
in any court of competent jurisdiction to correct the
settlement.'

"Under this statute nobody can file exceptions to
the settlements made by sheriffs except the sheriff or
the county attorney; but the statutes provides that
even if the county attorney shall file such exceptions
and they are heard and determined in the county
court, he may appeal from the judgment to the cir-
cuit court, or action may be instituted in any court

of competent jurisdiction to correct the settlement by any party in interest.

"It is clear that under the statute appellees had no right to go into the county court and except to the sheriff's settlements, their only remedy was to institute a suit in equity to correct and surcharge the items objected to. We are, therefore, of the opinion that the proceeding in the county court constitutes no bar to the prosecution of this suit."

In the case referred to the plaintiffs having had no right to file exceptions in the county court,—that right being limited to the sheriff and the county attorney,—they were in the same position as if no exceptions had been filed. Thus the plaintiffs in that suit were in the same attitude as the appellees in this action. The appellees, who were plaintiffs in this case, did not file exceptions, and had no right to file exceptions to the settlements in the county court. Certainly the failure of the county attorney to file exceptions could not be pleaded in bar of appellees' right of recovery in this action. Counsel for appellants take the position that the decision of this court in the case of Fidelity and Deposit Co. of Maryland v. Logan County, 27 Ky. Law Rep. 66, upholds their contention on this point. While at first blush it may appear to do so, a careful examination of the opinion leads to the conclusion that it is in harmony with the other decisions of this court. In that case it appears that M. A. Neely was sheriff of Logan county for the years 1898, 1899, 1900 and 1901, and the appellant was surety on each of his bonds. Neely defaulted and fled beyond the jurisdiction of the court, and suit was instituted by Logan county to recover $28,445.81. It appears that Neely made settlements for the years 1898 and 1899.

For the year 1898 exceptions were filed to the settlement by the sheriff, and he finally paid over the amount found due as ordered by the fiscal court. The same was true as to the following year. No legal settlements were ever made for the years 1900 and 1901, and after Neely had made default, and probably after he had left the State, the fiscal court ignoring the previous settlements, appointed commissioners to make settlements for all the years of his term. These commissioners made settlements for each of the years in question, and filed their reports in the county clerk's office. On these settlements thus reported the suit was brought. Thus it will be seen that it was not a suit to correct a sheriff's settlements for fraud or mistake, but a suit at common law upon the sheriff's bond. For the years 1898 and 1899 exceptions were filed by the sheriff in the county court on penalties adjudged against him, and, upon appeal to the circuit court, the question was decided in his favor. That judgment was never appealed from. The decision on this point reads as follows: ''The sheriff filed exceptions in the county court, where the judgment was against him. Upon appeal to the circuit court, it was adjudged that the sheriff was not liable for the penalties. In this action the trial court held that inasmuch as that judgment on the appeal had not been reversed or vacated, it was binding upon the county as res adjudicata. In this we concur. But the circuit court adjudged that for other years the question of the sheriff's liability for penalties was not affected by the judgment alluded to. In that conclusion we concur also.''

It is the contention of appellants, that an action to surcharge or correct the settlements on the

grounds of fraud or mistake can only be brought be-
fore the settlements are actually recorded.    This
view is manifestly incorrect, for the reason that the
settlement does not become a settlement, or have
the binding force and effect of a settlement, until
it is properly recorded, and the  language  of the
statute, "or actions may be instituted in any court
of competent jurisdiction to correct the settlement,"
can mean nothing else but the settlement that has
been recorded. That the settlement is not conclusive
upon the county is shown by the fact that an appeal
may be prosecuted either by the sheriff or the county
attorney from the judgment of the county court on
such settlement. If the settlement were conclusive,
no appeal could be prosecuted therefrom. As the
statute gives two remedies,—one of appeal, the other
an action to correct the settlement,—the recording
of the settlement is no more of a bar to an action
to correct the settlement than it is to the prosecution
of an appeal. If the proceedings be by appeal then
the judgment entered thereon is conclusive; if the
action be to surcharge the settlement, the  judg-
ment thereon is equally conclusive, and is a bar to
any other proceedings.

But appellants earnestly contend that the settle-
ments are so far conclusive that they can not  be
collaterally attacked. In this position they are un-
doubtedly correct. This action, however, is not a
collateral attack upon the settlements; it is a direct
attack  authorized by the  statute itself, its  very
purpose being to correct and surcharge the  settle-
ments in question on the  ground of fraud or mis-
take. The law is well settled, that penalties collect-
ed on county taxes are property of the county, and
the sheriff collecting them must account for them

on his official bond.    Where no appeal  has been taken from the order of the county court, and  no judgment has been entered thereon, an action to surcharge or correct  the settlement  can  always be brought, provided it has not been barred by the five years' statute of limitation.    (Commonwealth, &c. v. Pate, 85 S. W. 1096.)

No issue having been made as to penalties collected by appellant Davis and not turned over to  the county, and appellants having presented no defense to the action, the judgment of the trial court  was correct, and it is, therefore, affirmed.