## Illinois Central Railroad Co. v. Haynes.

(Decided September 22, 1911.)

### Appeal from Carlisle Circuit Court.

1. Second Appeal—Instructions or Original Appeal.—On a second appeal the instructions indicated in the opinion on the first appeal are the law of the case and no complaint will be considered as to their correctness, the evidence not being materially different.

2.  Extension of Opinion—Additional Instruction.—When on the first appeal instructions are indicated covering the law of the case, it is incumbent on the parties if other instructions are necessary to apply to this court for an extension of the opinion, and if this is not done, a second judgment will not be reversed for the refusal to give other instructions, unless there was an abuse of discretion in not giving them.

3.  Witnesses—Knowledge of Injury.—A witness who knows no more on the subject than the jury should not be permitted to testify whether the injury is temporary or permanent, but one who knows the situation and enough of the subject to entitle him to speak on it, may testify whether the injury may be remedied and how it may be remedied.

ROBBINS & THOMAS, JNO. E. KANE, C. F. SINLEY and TRABUE, DOOLAN & COX for appellant.

SHELBOURNE & SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

E. W. Haynes is the owner of 150 acres of land on the line of the Illinois Central Railroad Company south of Arlington, Kentucky. The railroad was double tracked and in this way borrow pits were dug. A few years later Cane creek began to flow over the embankment next to the town of Arlington and into the borrow pits, thus changing the channel of the stream. The water continued in a straight course until it reached the old channel of the creek which it struck at a right angle. This caused the water when it was high to continue in the course in which it was running when it struck the old channel, and to overflow Haynes' land which lay below. He brought this action against the road to recover the damages he had thus sustained during the years 1906 and 1907. On the first trial of the case he recovered a judgment for $680. The railroad company appealed to this court, and on the appeal the judgment was reversed for errors in the instructions to the jury, the court in its opinion directing in detail what instructions should be given. (I. C. R. R. Co. v. Haynes, 122 S. W., 210.) On the return of the case to the circuit court the plaintiff filed an amended petition setting up the fact that he had sustained like damages during the years 1908 and 1909, and praying judgment therefor, in addition to the recovery sought in his original petition. On a retrial of

the case, there was a verdict and judgment in favor of the plaintiff for $1,000. The railroad company appeals.

On the second trial of the case, the court aptly instructed the jury as directed in the opinion of this court. A number of objections are made to the instructions as given; but they need not be noticed in detail for the reason that the evidence on the second trial being similar to that on the first trial, the opinion of this court determining what instructions should be given, is the law of the case. If, when a case has come to this court, and the court has determined what instructions should be given, a new trial might be granted after a second trial on the ground that these instructions do not aptly present the law of the case, litigation would be interminable. It being the duty of the circuit court to obey the mandate of this court, and to give the instructions indicated unless on a second trial the evidence was materially different, no complaint can now be heard here as to the propriety of these instructions.

It is also complained that the court refused to give on the second trial a number of instructions asked by appellant. It is insisted these instructions were proper, and that the court erred in refusing to give them to the jury. It is unnecessary for us to discuss in detail the instructions refused. The most of them were practically embraced in the instructions given by the court, pursuant to the direction of this court, and in so far as they were not embraced in these instructions, we are satisfied from all the evidence, that if given, they would have had no appreciable effect on the result of the trial. When a case comes to this court and an opinion is delivered defining the law of the case and setting out the instructions which should be given on another trial, it is incumbent upon the parties to apply to this court for a modification or extension of the opinion if the instructions so indicated do not cover the whole law of the case. It is true the circuit court may in its discretion in furtherance of justice give other instructions deemed necessary on another trial of the case, but where on the same evidence he refuses to do so, this court will not reverse a second time for the refusal to give other instructions, unless it appears from the record that there was an abuse of a sound discretion by the circuit court in refusing the instructions. There must be an end of litigation, and if cases might be reversed on a second appeal because on the same evidence other instructions were

not given than those indicted by this court as the law of the case, the rule that the opinion on the first appeal is the law of the case would be of little value.

It is insisted for the appellant that witnesses for the plaintiff were permitted to give their opinion as to whether the injury to the land was temporary or permanent, and that this was erroneous. We have examined the record with care on this question and do not find that the substantial rights of the appellant were prejudiced. The witnesses who stated their conclusions stated the facts on which the conclusions were based. A witness who is no better qualified than the jury should not be permitted to testify whether the injury is temporary or permanent; but a witness who knows the situation and has enough knowledge of the subject to speak on it may be permitted to testify whether the trouble may be remedied and how it may be remedied, as the testimony of such witnesses can be weighed by the jury and may be of great assistance to them in reaching an intelligent conclusion on the question whether the injury is temporary or permanent. Both sides followed the same course in the examination of the witnesses. A large mass of testimony was heard; all the facts were gotten out; as many or more witnesses stated their conclusions for the defendant as for the plaintiff. It is hard in the course of a long trial to prevent witnesses from stating here or there opinions on subjects, and in view of the whole record we are satisfied that there was no error sufficient to warrant the prolonging of the litigation. The verdict is not unwarranted by the evidence and is not excessive. The evidence for the plaintiff by a large number of witnesses would have sustained a much larger verdict.

Judgment affirmed.