## Hoskins et al. v. Helton et al.

(Decided Feb. 2, 1934.)

MARTIN T. KELLY for appellants.
N. R. PATTERSON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

James S. Helton was the sheriff of Bell county for four years, beginning on the first Monday in January, 1926, and ending on the first Monday in January, 1930; and executed bond as required by law. This action in equity was brought by James Hoskins, etc., as taxpayers of the county, against him and his sureties on December 31, 1930, alleging the above facts; also that Helton, as sheriff, was, by virtue of his office, collector of all state, county, and district taxes, including taxes for the common schools of Bell county, and that these taxes all went into his hands, and that Helton had failed and refused to turn over to the treasurer of Bell county or

the treasurer of the common school board of Bell county the amount of taxes collected by him for Bell county and the Bell county board of education; that for more than two years last past demands had been made on the fiscal court of Bell county to institute action for the settlement of the accounts of Helton, but the fiscal court had failed and refused to have any suit or suits instituted, with full knowledge that no accounting or settlement as required by law had been made by the sheriff for the funds collected by him, and that illegal claims had been paid to him out of said funds; that the fiscal court had voted the illegal payment and refused to demand settlement of the defendant for the funds due the county for the county board of education and had taken no legal steps, either by suit or otherwise, to have a legal settlement made, and had been hostile to the efforts of the taxpayers of Bell county to compel the sheriff to comply with the law and settle with Bell county and the Bell county board of education for the funds due and owing by him to Bell county and the board of education; that further demand of the fiscal court or the Bell county board would be useless, and the plaintiffs, as taxpayers, sued on behalf of themselves and all other taxpayers of the county. They set out in the petition the amount of the taxes coming to the hands of the sheriff each year, and the amount he had paid, and charged that there was a large balance each year for which the sheriff had not accounted, but the fiscal court had refused to make any settlement with the sheriff, and, with full knowledge of the illegal claims paid him, had refused for more than six months to cause any proceeding to be filed against him; the majority of the members of the court voted to allow the illegal payments and refused to demand a settlement of the accounts of the sheriff. They prayed judgment for something over $22,000 for the county and about $20,000 for the board of education.

On January 6, 1931, the defendants filed a special demurrer to the petition on the ground that it showed that the plaintiffs had not the legal capacity to maintain the action. On January 31, 1931, the case was referred to the commissioner to report; on February 27, 1931 an agreed order was entered not waiving preliminary motions or demurrers, by which all the affirmative allegations of the petition were traversed of record. By an amended petition, filed June 25, 1931, the county board

·of education was made a defendant to the action, and it was charged that, since the suit was instituted, the members of the board had colluded with Helton and agreed with him that he might.pay the board $7,500, and they would exonerate and release from liability him and his bondsmen; that under the orders of the fiscal court, in the year 1930, an audit had been made of Helton's accounts, and it showed that he owed the board of education $10,641; he in fact owed much more. An injunction was prayed enjoining the board from making a settlement of $7,500. The preliminary injunction was granted. A motion was made on June 29 to dissolve the injunction. The defendants filed a general demurrer to the amended petition, and not waiving the demurrer, filed answer to the amended petition denying its allegation, and pleaded affirmatively that Helton completed his settlement for the school fund with the fiscal court on June 26, 1931; that the settlement was filed with the court and was accepted and received by it and spread upon its records; that no exceptions had been filed thereto, and it awaited action of the court as to whether the settlement should be approved and affirmed; that this was the first settlement that Helton had had an opportunity to make, and the only reason he had not paid the balance due by him, as shown by the settlement, was the restraining order granted in this action. On January 13, 1932, the plaintiff filed an amended petition making the members of the fiscal court all defendants to the action, and alleging that the fiscal court, during the term of office of Helton and since, had failed and refused to make any settlement with Helton, as required by law, and had failed and refused to appoint any competent person to make the settlements, and that they had failed and refused to make the settlement or any of them; that upon a proper settlement Helton was indebted to the county in a large sum, also to the board of education, and they prayed that the members of the fiscal court be required to meet and to make the settlement of the taxes and money collected by the sheriff, and that a just and true and proper accounting be made by them. On January 30, 1932, the plaintiff filed a reply to the defendants' answer in which they denied that the settlement set out in the answer was true or correct, and pleaded certain errors in this settlement, and prayed that it be surcharged.

On January 30, 1932, the court considered the spe-

cial demurrer to the petition. He sustained it, and adjudged that the petition be dismissed. The plaintiffs appeal.

The allegation in the petition that no legal settlement, or settlement as required by law, was made by the fiscal court with the sheriff, is a legal conclusion, and is not a sufficient averment that no settlement was made. But as to the school fund this defect in the petition was cured by the answer, which admitted that the sheriff made no settlement as to it until in July, 1931, or six months after the action was brought. In the amended petition, making the members of the fiscal court defendants to the action, the plaintiffs set out the settlements which the law required the fiscal court to make with the sheriff, and then these words are added:

> "And that they have failed and refused to make said settlements or any of them and still fail and refuse so to do."

The word "said" in this sentence naturally referred to the settlements above alleged and set out, as required by law to be made by the fiscal court. Thus construed it is an allegation that the fiscal court has made no settlement with the sheriff. In addition to this, the pleadings clearly show that the fiscal court allowed the sheriff certain credits to which he was not entitled. It would unnecessarily extend this opinion to set out all the facts shown in the petition as amended and the answer filed, but reading the record as a whole we conclude that it shows that the fiscal court allowed the sheriff to retain money that he should have paid over, and he got credit therefor with the fiscal court, and failed to pay the money to the county, such as his claim for delivering ballot boxes and commissions for collecting taxes for his predecessor for the year 1925, etc. The taxpayers may maintain the action, when, under orders of the fiscal court, the sheriff retained money which he should have paid the county. The pleadings here show as a whole, if true, that the sheriff is retaining money that he should have paid over, and that the fiscal court has failed and refused to correct the matter and is averse to doing so. The taxpayers should not be left without remedy, for they are the real parties in interest, and they have a right to demand that the account be settled and judgment entered for the county for the amount due. Davis, Ex-Sheriff, v. Com., 139 Ky. 334, 107 S. W. 306, 32 Ky.

Law Rep. 811; Little v. Strow, 112 Ky. 527, 66 S. W. 282, 23 Ky. Law Rep. 1829; Taylor, County Jailer, v. Todd et al., 241 Ky. 605, 44 S. W. (2d) 606; Harlan County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028; Owen County v. Walker, 141 Ky. 516, 133 S. W. 236.

As to the school fund, it being admitted in the answer that no settlement was made before the suit was brought, the plaintiffs cannot be defeated by a settlement made after they sued. As to the county fund, the petition is good as to the legal allowances made by the fiscal court, and the amended petition cures the defects in the original petition as to the remainder of the county funds. The demurrer to the petition should therefore have been overruled.

Judgment reversed, and cause remanded for further proceedings consistent herewith.