## Baker v. Baker.

(Decided Jan. 18, 1938.)

NAPIER & NAPIER for appellant.

C. A. NOBLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Malvery Baker sued her husband, Floyd D. Baker, for a divorce and alimony, and the custody of their two infant children. He filed an answer and counterclaim denying the allegations of the petition, and seeking a

divorce from her. The chancellor adjudged that Mrs. Baker was not entitled to a divorce, but gave the divorce to her husband. The wife appeals from that part of the judgment denying her alimony, and the husband prosecutes a cross-appeal from that part of the judgment giving the wife the custody of the children and requiring the husband to pay her $50 a month for their support.

It is conceded that, since the rendition of the judgment, the wife has voluntarily surrendered the custody of the children to her husband. That being true, the case on the cross-appeal is moot, and it will not be necessary to consider the propriety of that part of the judgment from which the cross-appeal is prosecuted.

Some time before the institution of the action the parties separated, and the chancellor denied the wife a divorce on the ground that she failed to show that the separation was without fault on her part. It would serve no good purpose to detail the evidence. It has been carefully considered and presents an unusual situation. It seems to us that, if the wife's main charge be entirely disregarded on the ground that it has not been sufficiently proved, the husband's attitude toward his wife, as revealed by his own evidence, showed such an utter lack of consideration for a high-strung, nervous, and delicate woman that it may be safely said that any fault on her part was but the natural result of the treatment she received from him. In view of this situation, we are constrained to hold that her conduct was not such as would deprive her of alimony, and that the court should have awarded her alimony at the rate of $20 a month.

Judgment reversed, and cause remanded with directions to enter judgment in conformity with this opinion.