## Baker v. Ward, Judge.

(Decided Oct. 14, 1938.)

NAPIER & NAPIER for petitioner.

S. M. WARD for respondent.

OPINION BY CHIEF JUSTICE STITES—Granting writ of mandamus.

This proceeding is an outgrowth of the decision of this court in Baker v. Baker, 271 Ky. 735, 113 S. W. (2d) 16. As a reference to that opinion will show, it was a divorce case in which the chancellor had granted a divorce to the husband and had denied alimony to the wife. The wife appealed to this court and it was determined that she should have been awarded alimony at the rate of twenty dollars ($20) a month. The judgment was reversed with directions to enter a judgment in conformity with this court's opinion. The mandate of the Court of Appeals was filed in the Perry Circuit Court on March 10, 1938, and thereafter, a judgment purporting to be in conformity with the mandate was tendered but the chancellor declined to enter it on the sole ground that he was of the opinion that alimony should not commence to run from the date of the original judgment. The record in Baker v. Baker, supra, indicates that the judgment from which that appeal was presented was entered on October 19, 1935. The judgment tendered does not disclose the exact date of entry of the original decree but this is a matter which can be easily verified if the date shown by our records is not correct.

Upon a refusal of the chancellor to enter the judgment as tendered, Mrs. Baker filed in this court what she denominates a "motion for rule." The respondent, Judge Ward, has entered his appearance to the motion but has filed no response other than his notation to the effect that he has refused to enter the judgment for the reasons set out above. Properly, Mrs. Baker should have petitioned this court for a writ of mandamus rather than to follow the summary procedure which she has sought to adopt. Under the circumstances, and in the absence of objections, we shall treat the motion as an application for such a writ.

When Mrs. Baker appealed from the judgment of October 19, 1935, it was because of an error of the court in failing to allow her any alimony. It was that error which she sought to have corrected and which was corrected on the appeal. Obviously, therefore, a full correction of that error requires that she be allowed alimony from the date when the erroneous judgment was entered and not simply from the date when the mandate of this court was filed.

It follows, therefore, that she is entitled to a judgment for alimony commencing with the date that the erroneous decree was entered and otherwise in conformity with the mandate of this court heretofore issued.

The writ of mandamus is granted.