## Baker v. Ward, Judge.

May 5, 1939.

NAPIER & NAPIER for movant.

S. M. WARD in pro. per.

OPINION BY JUDGE THOMAS—Granting mandatory order prayed for.

This is an original procedure instituted in this court by movant, Malvery Baker, against respondent, S. M. Ward, Judge of the 33rd Judicial District of Kentucky. The motion by movant was made after notice given to respondent of the time and place of its entry, and along with it she filed copies of applicable records showing the facts and the nature and character of relief sought. The procedure is an exact duplicate of that taken in the case of Baker v. Ward, 275 Ky. 24, 120 S. W. (2d) 666. In the opinion in that case it is disclosed that the litigation grows out of a divorce action filed in the Perry circuit court by movant against her husband, Floyd D. Baker, who answered his wife's petition therein denying her alleged grounds and containing a counterclaim for the same relief against the wife (plaintiff therein) in favor of the husband. The circuit court denied the wife a divorce, but granted one to the husband and disallowed alimony to the wife. She appealed to this court and in an opinion in the case of Baker v. Baker, 271 Ky. 735, 113 S. W. (2d) 16, we reversed the judgment disallowing her alimony, and directed that she be allowed $20 per month. Upon the filing of the mandate from this court so directing, respondent herein refused to allow alimony, except from the date of the filing of the mandate, instead of from the date of the judgment which we reversed. Thereupon the wife invoked the same original procedure in this court as she has done in the instant one, i. e., the making of a motion in this court for a rule against respondent to show cause why he should not obey the mandate of this court by requiring the payment of the $20 per month directed by us in the case of Baker v. Baker, supra, from the time the judgment denying it was rendered.

We treated that motion as a proceeding under Section 110 of our Constitution, seeking mandatory orders against respondent, and disposed of the case accordingly. That disposition was—that it was the duty of respondent to direct the payment of alimony to movant from and after the date of the judgment originally en-

tered denying it, and which we in the case in 271 Ky., supra, reversed.

Upon the filing of the mandate issuing from our opinion in the case reported in 275 Ky. 24, 120 S. W. (2d) 666, of Baker v. Ward, respondent, as presiding judge of the Perry circuit court, compelled the husband to pay movant the allowed alimony from the time of the entry of the original judgment up to that time, but attached this modifying and suspension clause to his order: "The court * * * is of the opinion that further payments of alimony should cease until further orders of this Court. It is, therefore, ordered and adjudged by the Court that further payments of alimony by defendant to plaintiff shall cease until further orders of the Court, and to this ruling the plaintiff objects and excepts and prays an appeal to the Court of Appeals which is granted." That suspending order was and is in direct conflict with our ruling in both cases, supra, and the mandates that issued thereon. It is true that alimony allowances are subject to future alterations by the court making them—where not made "in gross"—upon a showing of such change in conditions as would authorize the trial court to do so in the exercise of a sound judicial discretion. The most potent facts justifying such modification of the alimony allowance, when not made "in gross," are (a) impairment of the husband's earning capacity since the allowance was made to such an extent that he is unable to meet them and to discharge other imperative duties, and (b) re-marriage of the wife. There are possibly other facts that might have some bearing on the discretion of the court at such hearings; but none such appear in this case, nor do either of the facts (a) or (b) supra, appear. It is true that the court recites in his order, and likewise repeats in his response, that movant had procured some sort of compensating employment, but what it was, or the amount realized therefrom, are each undisclosed. Neither does it appear that the movant is physically able to perform the labor she has undertaken, in order to supply absolute living necessities. If the character of change in conditions mentioned above should arise, then the husband by proper procedure, initiated by him before respondent—or the judge of the court, whomsoever he might be—could take advantage of his rights under the law as above outlined. But until that is done the husband should be required to continue to pay to

movant the allowed alimony as directed by us in both of the cases supra.

In disposing of the case in the manner indicated, we have pursued the same course taken in the case of Baker v. Ward, supra, i. e., treated it as an original application for a mandatory writ directing respondent to follow the mandate issued by this court, although, as stated in the former opinion, the practice pursued by movant was not altogether formal.

We can not escape the conclusion from our acquaintance with the facts as disclosed by the cases supra, that respondent appears to be reluctant to enforce the allowed alimony to movant, as is indicated by the repeated efforts to require him to do so. Following our course adopted in the case of Baker v. Ward, supra, we, as stated, have treated this application as noncontemptuous, by disposing of it as an original application for a writ of mandamus against respondent, and which was likewise requested by him in his response filed in this case. If movant is again compelled to apply to this court we will be very much inclined to treat the application and to dispose of it as purely a contempt proceeding.

Wherefore, it is ordered that respondent set aside, cancel and annul and to not enforce the suspension of the monthly alimony hereinbefore referred to, except only on application by the husband on sufficient grounds duly proven, as hereinbefore pointed out. Movant will recover her costs in this court against respondent.