## Helton, Sheriff, et al. v. Hoskins et al.

May 12, 1939.

N. R. PATTERSON and E. B. WILSON for appellants.
CLEM. F. KELLY for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Affirming.

This is the third appeal of this case and as the facts are stated in the two former opinions reported in 252 Ky. 616, 67 S. W. (2d) 975, and in 270 Ky. 355, 109 S. W. (2d) 623, we will not go into them here, but will relate only so much of them as may be involved, on this appeal.

On December 31, 1930, Hoskins instituted suit in the Bell circuit court as a taxpayer against Helton, Sheriff of Bell county, and the sureties on his revenue bond, to recover certain tax monies he collected as sheriff and for which the petition alleges he failed to account to Bell county and to the Bell County Board of Education. A general demurrer was sustained to the petition, the plaintiff refused to plead further, and the court dismissed the petition. We reversed that judgment and held the petition stated a cause of action. See Hoskins et al. v. Helton et al., 252 Ky. 616, 67 S. W. (2d) 975. Upon a return of the case the chancellor entered judgment for the County in the sum of $770.91, but dismissed the petition as to the Board of Education. An appeal from that judgment was prosecuted and we reversed same. See Hoskins et al. v. Helton et al., 270 Ky. 355, 109 S. W. (2d) 623, 625. In that opinion we said:

> "Taking into account all these claimed credits and giving the sheriff the benefit of every doubt, we unhesitatingly conclude that the balance due the County school fund for the year 1928 was at least $4,000.

> "Wherefore the judgment is reversed, with directions to enter judgment for the sum of $4,000 against appellant in addition to the sum heretofore adjudged against the sheriff."

The mandate issued by this court remanded the cause with directions "to enter judgment for the sum of $4,000.00 against appellant in addition to the sum heretofore adjudged against the sheriff, and for proceedings not inconsistent with the opinion herein." It will be noted the mandate is silent on the question of interest. The chancellor entered judgment on the mandate in favor of Bell County for $770.91 with interest therein from December 31, 1931, "the date of the filing of the petition herein," and in favor of the Bell County Board of Education for $4,000 with interest from the

same date. The record shows the chancellor was in error as to the date on which the petition was filed, which was December 31, 1930, and not December 31, 1931, as recited in the judgment. This error as to date is immaterial as appellee prosecutes no cross appeal. The Sheriff, Helton, and the sureties on his bond are seeking to reverse the judgment entered by the chancellor on the ground the mandate did not direct judgment to be entered with interest on the $4,000, therefore, the chancellor had no authority to enter judgment with interest on this sum.

The argument of the appellant is that this sum was not certain until this court decided the case, and as this court in its opinion and through its mandate did not provide for interest on the $4,000, the interest did not start until the judgment on the mandate was entered by the chancellor on January 5, 1938. Appellants further argue that the lower court has no discretion in the matter and must enter judgment in strict conformity with the mandate.

The original action was instituted under Kentucky Statutes, Section 4399a-8, as amended by Section 4399-40. Both of these sections provide the sheriff shall make monthly settlements for taxes he collects, hence it is seen the sheriff became indebted to the school board each month for taxes collected the previous month. Also, it is noted in the opinion on the second appeal, we found the sheriff was indebted to the school board for the year 1928 in the sum of $4,000. Thus, that opinion fixed the date the sheriff became indebted to the board and further fixed the exact amount of his indebtedness. Where money is due at a fixed time, interest starts from that date, even though the amount is not certain or fixed. City of Louisville v. Henderson's Trustee et al., 11 Ky. Law Rep. 796, 13 S. W. 111. In Whitehead, Jr., v. Brothers Lodge No. 132, I. O. O. F., 24 Ky. Law Rep. 1633, 71 S. W. 933, 934, the court in referring to the Louisville case said:

"The case cited, when it returned from the court of appeals the second time, was in precisely the same condition as was the case at bar when it returned to the lower court. This court had in both cases named the sums for which the plaintiffs should be given judgment on their contracts, without having, in so many words, mentioned interest. In the case cited the chancellor allowed interest; in the

case at bar he refused it. In both cases the appeals were from the orders relating alone to interest. We think the opinion in the case cited is sound, and must control the case."

The Whitehead case appears decisive of the question before us. Also Baker v. Ward, Judge, 275 Ky. 24, 120 S. W. (2d) 666, is analogous to the instant case. Mrs. Baker sued for divorce and alimony and the chancellor refused her a divorce and alimony, but did grant a divorce to the husband. She appealed from so much of the judgment as refused her alimony. We reversed the judgment and directed the chancellor to enter one awarding her $20 per month alimony. See Baker v. Baker, 271 Ky. 735, 113 S. W. (2d) 16. The chancellor refused to enter a judgment tendered him by Mrs. Baker's counsel, providing the alimony should commence from the date of the entry of the judgment from which the appeal was prosecuted, to-wit: October 19, 1935. The judgment the chancellor entered provided the alimony should commence from the date of the entry of judgment on the mandate, March 10, 1938. Mrs. Baker brought a mandamus proceeding in this court to compel Judge Ward to enter a judgment in conformity with the mandate. We said in that case:

"When Mrs. Baker appealed from the judgment of October 19, 1935, it was because of an error of the court in failing to allow her any alimony. It was that error which she sought to have corrected and which was corrected on the appeal. Obviously, therefore, a full correction of that error requires that she be allowed alimony from the date when the erroneous judgment was entered and not simply from the date when the mandate of this court was filed."

Hoskins appealed to correct the error of the chancellor in entering a judgment dismissing the petition as to the Board of Education. It was to correct that error we reversed that judgment with directions to the chancellor to enter judgment for $4,000 in favor of the Board of Education. A full correction of that error requires that interest be allowed from the date the erroneous judgment was entered and not from the date judgment was entered on the mandate.

Appellants contend it was the duty of appellee to have made an appropriate motion at the proper time in this court for a modification or extension of the opin-

ion, as is provided in Illinois Central Railroad Company v. Haynes, 144 Ky. 508, 139 S. W. 754, so as to have the item of interest included in the mandate. The mandate must be considered with reference to the opinion preceding it. Watson v. Avery, 66 Ky. 635; Brock v. Harlan County, 252 Ky. 599, 67 S. W. (2d) 955. When this mandate is so considered it seems to us it is clear that by implication interest was intended on this $4,000.

We are of the opinion the chancellor correctly entered judgment for the $4,000 with interest from the date of the filing of the suit, which date, was by mistake fixed by the chancellor at December 31, 1931, instead of the correct date of December 31, 1930. In so doing the chancellor carried into effect the mandate of this court. There is no cross appeal to correct the error of the chancellor made in his judgment as to the date of the filing of the suit, hence that must stand.

Wherefore, the judgment is affirmed.