**Alma A. HUNDLEY et al., Appellants,**

v.

**Clarence P. HUNDLEY, Appellee.**

Court of Appeals of Kentucky.

June 15, 1956.

Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, for appellants.

Garland R. Hubbard, Harry F. Poynter, Louisville, for appellee.

SIMS, Judge.

On May 4, 1954, Alma A. Hundley filed suit against Clarence P. Hundley for divorce from bed and board on the ground of cruel and inhuman treatment and asked "alimony for herself and maintenance for her 18 year old daughter," mentioning no specific sums, and reasonable attorney's fee. As the parties have the same surname, they will be referred to in this opinion by their given names to avoid confusion and to save time and space.

The answer was a general denial followed by a counterclaim asking an absolute divorce on the same ground. Subsequently, at the suggestion of the chancellor, Alma amended her complaint and asked for an absolute divorce.

Considerable proof was taken by depositions and the chancellor granted each party an absolute divorce, restored to the wife their jointly owned home upon which she had contributed to the purchase price, gave her the household furniture and adjudged the husband pay the cost of the action, including the fee to the wife's attorney in the sum of $350, but expressly refused her alimony. Alma appeals from so much of the judgment as denied alimony, and her attorney appeals from that part of the judgment fixing his fee at only $350.

At the outset we are met with Clarence's motion to dismiss the appeal on the ground that Alma in accepting the benefits of the judgment waived her right to prosecute an appeal. In support thereof,

he cites Complete Auto Transit v. Louisville & N. R. Co., Ky., 273 S.W.2d 385, which holds that the acceptance of satisfaction of a judgment constitutes a waiver of the right to appeal from the judgment. However, it is plain from this record that Alma is appealing only from that part of the judgment which expressly denied her alimony, and the authority just cited is not in point here. The right of appeal is favored by law and will not be held to have been waived except on clear and decisive grounds. Mercer v. Federal Land Bank, 300 Ky. 311, 188 S.W.2d 489. Therefore, the motion to dismiss the appeal is overruled.

The record in this case is somewhat voluminous and contains much unsavory testimony which might tend to embarrass both parties should we attempt to detail it. Hence, we will be content to mention only generally the facts that brought so much strife and discord into the lives of this unfortunate couple. They were married in 1933, their only child, a daughter, was born in 1935; they were divorced in June 1936, and remarried the following September; they were divorced again in 1938, and remarried in March 1940. They lived a stormy and tempestuous life together until this action was filed by Alma on May 4, 1954. Clarence did not confine his "marrying and divorcing" to Alma, but had four other wives, two of whom divorced him in Kentucky and the other two in another state. The record also shows Alma instituted several divorce suits against Clarence, which were never prosecuted to termination, and she separated from him some twenty times.

Alma and Clarence were never able to live together happily, and it was not unusual for them to address each other in obscene terms and to resort to physical combat. Undoubtedly she had a settled aversion to him, as she resisted her husband's advances and with an oath told him he was repulsive to her.

The depositions were submitted to a commissioner, who after showing the jointly owned house had a value of $10,500, with a mortgage on it of $6,500, and the household effects had a value of $3,500, including a deep freezer, upon which there was a debt of approximately $400, and other items of personal property of not too great value, recommended that Alma be granted a divorce from bed and board; that she be given the house and furniture; that Clarence pay her $50 a week maintenance; that he put their daughter through college and pay the girl $20 per week until she was 21 years old; and that a reasonable fee be paid Alma's attorney.

The chancellor sustained exceptions to the commissioner's report and after a full and comprehensive review of the testimony suggested he would grant both parties an absolute divorce if Alma amended her complaint and asked for it. This she did. Thereupon the court entered judgment granting both parties an absolute divorce and adjudging Clarence make restitution to Alma of their jointly owned house and giving her the household furniture. The chancellor adjudged that Clarence should pay all court costs, including a fee of $350 to Alma's attorney.

It is apparent from this record that the parties cannot live together in peace and harmony and should be granted an absolute divorce. See Coleman v. Coleman, Ky., 269 S.W.2d 730, at page 737. Clarence is 45 years of age and is in the advertising business and his yearly earnings ranged from $4,800 to $7,300, depending upon how much Alma interfered with him. Alma is 42 years of age, has had some experience in the advertising business and is capable of earning around $60 per week. Their daughter, who will be 21 years of age in August of this year, is working and capable of supporting herself.

We are not unmindful of the rule that where a wife is not wholly at fault and is guilty of no moral delinquency, she may be entitled to alimony, although a divorce is granted the husband. Muth v. Muth, 314 Ky. 531, 236 S.W.2d 469. While we do not say that Alma is wholly in fault here, we cannot say the chancellor erred in the

peculiar facts shown in this record, especially when he gave Alma practically all the property owned by the couple. Under the judgment she received property in which she has an equity in round numbers of $7,500, while her husband is left empty-handed.

The attorney's fee of $350 is rather modest in a case of this character, yet we are unable to say the chancellor erred in fixing it at that figure.

For the reasons given, the judgment is affirmed.