Edna Mae HOWARD, Appellant,

v.

Lewis HOWARD, Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

Wm. A. Hamm, J. Milton Luker, London, for appellant.

Wm. J. Weaver, London, for appellee.

STANLEY, Commissioner.

The appellee, Lewis Howard, was granted a divorce from the appellant, Edna Mae Howard, on the ground that she had habitually behaved "toward him, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to him or to destroy permanently his peace or happiness". KRS 403.020(4) (d). The wife denied the affirmative allegations of the complaint, alleged that she was pregnant and that she owns no property and has no separate source of income. She prayed that the complaint be dismissed, for allowances pending the action and for alimony and all other relief to which she may appear entitled.

The judgment denied Mrs. Howard any alimony but provided that Mr. Howard should pay her $150 a month during the period of her pregnancy, not to exceed $600, and bear the hospital and doctors' bills in the birth of her child. An allowance of $200 for the wife's attorneys' fee was also awarded her. Mrs. Howard appeals from the judgment and contends that her husband should not have been awarded the divorce and that she should be given a judgment for alimony.

Each of these parties had experienced three previous marriages and divorces before they first married each other. The husband was granted a divorce in May, 1952. The parties remarried in April, 1954. They separated in January, 1955, and the husband filed the present suit.

The appellee was engaged in the coal mining business. During the period of his marriage to the appellant he put in long hours at work and struggled hard to keep his business going during rough times. His absence from home and his wife's apparent extreme jealousy seem to have been the sources of unhappiness on her part and caused her to mistreat and neglect her husband. His testimony is of continuous fussing, aggravation, neglect of the home, numerous insults, threats and physical blows, including spitting in his face. She was very suspicious and accused him over and over again of infidelity, which he denied. His testimony is, in summary, that his wife was an untameable shrew or what is vernacularly called a hellcat, defined by Webster as "A malicious or spiteful person."

On the other side, the wife denied practically everything related against her conduct. She admitted quarreling with her husband but maintained that she had reason to do so, testifying that he was fractious and overbearing. She related circumstances which she believed proved him to have been unfaithful, and these were provocative. Some of the circumstances she related afford little grounds even for suspicion. Only the two parties testified as to their conduct one toward the other. Several witnesses testified that Mrs. Howard did not seem to have a bad temper and that she was an excellent housekeeper.

The evidence in this case as to previous marital experiences with several spouses

and with each other and their "stormy and tempestuous life together" is strikingly like that related in the recent case of Hundley v. Hundley, Ky., 291 S.W.2d 544. We concur in the view of the trial court that the parties "could never live together in any degree of peace and happiness." As stated above, the court concluded that the wife was not entitled to alimony. The judgment was "that both parties are hereby granted an absolute divorce." Since the wife had never asked for a divorce, this statement strongly indicates that the court found both of the parties to be in fault, and both contributed to the failure of the marriage.

The appellant does not have any property or separate income. It appears that the appellee, Lewis, is part owner of several coal mines but that the mines have been losing money in recent years and that he is heavily in debt.

 KRS 403.060 provides that "if the wife does not have sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as the court considers equitable". Notwithstanding the implications of the statute that if the wife is in fault, she is entitled to no alimony, the court has held in a number of cases that where both parties were in fault, the matter of comparative rectitude or comparative fault, that is, the relative degree of fault and relative responsibility, including matters of provocation, should be regarded. If an impecunious wife was not entirely to blame for the breaking up of the marriage relation and was free from moral delinquency, the court should award her reasonable alimony or support, all the facts being considered. This recognizes the fact that the husband had voluntarily assumed the legal obligation of maintaining the woman he married, and society is interested in maintaining that contract, which is an important incidence in entering upon the matrimonial status. Baker v. Baker, 271 Ky. 735, 113 S.W.2d 16; Gnadinger

v. Gnadinger, 309 Ky. 660, 218 S.W.2d 681; Rayburn v. Rayburn, 300 Ky. 209, 187 S.W.2d 804; Coleman v. Coleman, Ky., 269 S.W.2d 730; Hundley v. Hundley, supra.

It seems to us this case calls for the application of that rule. Perhaps the financial conditions of the parties have changed since the evidence was taken. The trial court should have an opportunity to fix the allowance to the wife according to the equities and under the rules laid down in cited cases.

Wherefore, the judgment is reversed insofar as it denied appellant any alimony or allowance.