# Eubanks et al. v. Wilson et ux.

(Decided Dec. 15, 1933.)

HANLON & KENKEL for appellants.

SAWYER A. SMITH for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from the judgment of the Kenton circuit court sustaining defendants' demurrers to plaintiffs' petition and amended petitions, and in dismissing their petition, upon their declining to plead further. It presents for our review the one question as to the propriety of the trial court's ruling in so adjudging.

The facts of the case appear from the original and amended petitions and exhibits, filed therewith, to be as follows: That the plaintiffs (here the appellants, M. S. Eubanks and Roy Eubanks) did together with George Griffith and W. T. Upton, all real estate men, exchange a farm property they had in Southern Indiana with Orliff Knarr and wife, Nellie Knarr, for their residence property in Covington, Ky., incumbered with a mortgage for $3,000, which they assumed, and thereupon, on January 5th, entered into a written agreement, among themselves, providing for the resale of this acquired property and for division of the net profits of its sale proceeds equally between the four of them. This, their instrument of writing, was subscribed and duly witnessed and lodged for record on January 20, 1932, in the office of the clerk of the Kenton county court, where it was recorded in "Miscellaneous Real Estate

Book No. 7, p. 156." This writing, which forms the basis of the appellants' claim, recites as follows:

"This agreement made and entered into this day, the 5th day of January, 1932, by and between M. S. Eubanks and Roy Eubanks of Aurora, Dearborn County, Indiana, and George Griffith and W. T. Upton of Boone County, Ky., all real estate dealers. The said parties are trading Orliff Knarr and Nellie Knarr, his wife, a 160 acre farm in Ripley County, Indiana, known as the Conley Farm about three miles southwest of Versailles, for the Knarr property located at 3110 Beech Ave., Covington, Ky.; Griffith and Upton to pay Nate Horton $500.00 in cash for financing the deal, and the said Griffith and Upton to furnish stock, tools and feed to the said Knarr to the amount of $500.00 and the four above mentioned to take over the 3110 Beech Avenue Property with $3000 mortgage and to pay commission for sale of property and to divide profits in four ways when property is sold. The sale and price of property to be satisfactory to all parties.

"W. T. Upton to receive first One Thousand Dollars derived from transaction. M. S. Eubank to receive the next Two Hundred Dollars if he furnishes the car."

Signed: M. S. Eubanks. Roy Eubanks. Geo. Griffith. W. T. Upton. January 20, 1932.

It appears that this residence property thus acquired by the two plaintiffs and their two associates, Griffith and Upton, was by their agreement, and alleged, for their convenience, deeded by the Knarrs, only to, Upton and Griffith (and wife), by whom it was by agreement of all the parties resold and conveyed thereafter on February 17, 1932, to the defendants below, Maynard Wilson and his wife, Anna E. Wilson, for $6,600. Of this amount, $3,000 represented the mortgage debt upon it, in favor of Latonia Building Association, which was assumed by purchasers, and the remaining $3,600, of the purchase price, was paid in cash to their said grantors, Griffith and Upton. It is alleged that these purchasers, the defendants (here the appellees) bought and paid for this property without actual notice of the appellants' contract claims, based upon

their alleged partnership interest therein, and that no part of the net profits of this sale transaction was paid by the purchaser or at all to the appellants, M. S. and Roy Eubanks. Complaining of this, the appellants filed suit against the said purchasers in the Kenton circuit court, seeking to recover of them the sum of $1,300 (or $650 each), alleged owing them by reason of their purchase and payment for the said property in the sum of $6,600 made at the time of purchase to the said George Griffith, Dorothy Griffith, and .W. Upton, alleging that the defendants had constructive notice of plaintiffs' partnership interest in the sale proceeds of the property, which was paid by defendant purchasers to their associates, Griffith and Upton, and that they were thereby injured and damaged through the loss of their share of $650 each in the sale profits caused by such alleged wrongful action on the part of the defendants in paying all of purchase price to vendors, without regard to their interest therein, and therefore prayed that they be adjudged a lien against the defendants' property in the amount of $1,300 (as representing their alleged share in the profits), and that the property be sold, and that from its proceeds the said sum be paid them with interest from February 17, 1932.

To this petition demurrer was filed, which was by the court sustained, when plaintiffs filed an amended petition, stating that the contract as set out in petition, between the appellants and Griffith and Upton, was signed and acknowledged by all of said parties as deeds are required to be, and lodged for record in the clerk's office, where it was indexed and recorded by the clerk of Kenton county, in books in which deeds are recorded, on the 20th day of January, 1932. To this petition as amended a demurrer was again filed and sustained by the court, when plaintiffs filed a second amendment, further thereby pleading that the said contract, between appellants and the said Griffith and Upton referred to in their petition, was "lodged and recorded in the office of the County Clerk of Kenton County * * * and was recorded in book styled 'miscellaneous,' and said contract and property involved herein * * * was indexed by the Clerk of said Court in an indexed book in which deeds concerning real estate are indexed." A further demurrer was filed to this second amended petition which

was sustained by the court, when, appellants declining to plead further, their petition was dismissed with cost.

The appellants, complaining of this judgment as erroneous in sustaining the demurrers and in dismissing their petition, prosecute this appeal.

They contend that as the allegations of the petition are for the purpose of the demurrers to be taken as true, its allegations became admitted thereby to the effect, both that the appellants had their contract, legally signed, acknowledged, and recorded, and that they owned the partnership interest in the real estate sold defendants as pleaded. However, we are not able to concur with the appellants in making this claim, contending that by reason of the defendants' demurring to plaintiffs' petitions, they thereby admitted that the recorded contract gave notice to appellants of their having an interest in the property, or that the contract, because so alleged, was a legally recordable instrument. The demurrer did not admit, merely by force of pleading, matters which were but the appellants' conclusions of law, or the truth of erroneous statement made in the pleading as to the legal effect and contents of the writing, filed as an exhibit with the petition, as the rule is that a demurrer admits only material facts, which are properly alleged and pleaded.

Certainly a demurrer did not admit the truth of plaintiffs' erroneous statements of opinion and conclusions as to the character of and legal effect of this writing, filed with the petition, and upon which appellants based their claim to recover when so construed; the clear language of the instrument, when left to speak for itself, is that the contract is not one providing for a sale of land or for an interest therein had between the partners as parties thereto, as is contemplated for making such contracts recordable as provided for by section 500 of the Statutes, but on the other hand the writing merely recites and is intended to show, or represent, an agreement between the parties, not for a sale of or for an interest in land, but provides only for the division between them as partners of the net profits, which were expected to be derived from the resale of the therein described, certain residence property, taken over through exchange by them. We conclude for such reasons that this written instrument, so purporting to pro-

vide for an agreed division of the partnership profits between them as the four partners therein named as constituting the partnership, is not such an instrument as is legally recordable, so as to constitute constructive notice of the parties' contract to all persons dealing with the property therein described. Therefore, such being the nature of the instrument lodged and recorded, even had same been in fact recorded by the clerk of the county court in the way and manner it is contended by appellants that it should have been, it would have yet failed, by reason of its unwarranted recording, to have charged the defendants with constructive notice of plaintiffs' alleged interests in it.

. Further, it is admitted in the pleading that the defendants paid the agreed purchase price of this property to Griffith (and his wife, Mrs. Griffith) and Upton, who were two of the four members with the plaintiffs of their partnership, had for the handling of the property and in whose names title to the property had, by agreement, been taken and the deed so made them duly recorded. The defendants, therefore, in buying the property in question from the record owners of it and without notice (either actual or constructive) of any claims to a property right or interest therein being made by plaintiffs, certainly could not in so acting be held to have damaged or thereby injured the appellants in not further looking to the application and division of the purchase price paid their grantors. Moreover, it might be added that even conceding, arguendo, that had the defendants had notice through the recording of this contract in question that the plaintiffs as partners were claiming a part of the sale proceeds as their share of the partnership profits derived from the sale, such fact would have still been insufficient to have charged defendants with the duty of looking to the application of the sale proceeds paid to their vendors, according to its claimed proper division among the partners, as it may be presumed that either one or more of the partners, as members of this special partnership, would, so far as it appears by the terms of the writing, have had the right, as acting within the scope of their authority, to sell and collect for this partnership property acquired by the partners for the express purpose of resale, with the result that a payment made of its sale price by the purchaser thereof to the partner or partners, from

whom bought, would constitute a proper payment made to the partnership.

We deem these principles of the law of partnership, controlling of the questions here raised, to be so fundamental that we consider it unnecessary to extend this opinion by discussing other points presented in argument by appellant for reversal. Therefore the judgment of the trial court in overruling the demurrer and dismissing the petition, being in accord with our views as herein expressed, it follows that its judgment should be and is affirmed.

Judgment affirmed.