**Robert ELPERS, Appellant,**

v.

**Catherine M. JOHNSON et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 22, 1965.

J. Walter Clements, Louisville, for appellant.

C. M. Leibson, Louisville, for appellees.

GEORGE O. BERTRAM, Special Commissioner.

Appellant was defendant in the lower court and appellees plaintiffs. The lower court on March 22, 1960, entered judgment in favor of plaintiffs, after separate verdicts rendered by a jury on March 5, 1960, each for the sum of $2,700.00. Apparently on the same date the lower court entered judgment n. o. v. in favor of defendant. Plaintiffs appealed to the Court of Appeals, as reported in Elpers, et al. v. Kimbel, et al., Ky., 366 S.W.2d 157, which was the

first appeal in this case. On the first appeal this Court said:

"We are of opinion that the judgment n. o. v. in favor of the defendant was error. The judgment is accordingly reversed with directions to enter another according to the verdicts."

The lower court, in conformity with the opinion and mandate, entered judgment May 22, 1963, in favor of plaintiffs for $2,700.00 each, allowing each plaintiff to recover interest at 6% per annum from March 22, 1960, the apparent date of the original judgment.

This is the second appeal in this case whereby defendant as appellant seeks reversal of the lower court judgment allowing interest on the verdicts of $2,700.00 from March 22, 1960. The only question on this second appeal is whether the judgment should bear interest from the date of the first entry, March 22, 1960, or the last entry, May 22, 1963, which presents a novel question.

It is uncontradicted that the lower court directed a jury to render separate verdicts for plaintiffs, and judgment was thereafter entered accordingly. This judgment was set aside and a judgment n. o. v. in favor of defendant was entered. Counsel for defendant contends that the original judgment in favor of plaintiffs was not entered until March 30, 1960, and that the n. o. v. judgment was entered on March 22, 1960, eight days prior to the original judgment for plaintiffs. Should this be true, we are of the opinion that plaintiffs were entitled to interest from the date the judgment should have been entered. See Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S.W.2d 955, which would be March 22, 1960, the uncontradicted date of the judgment n. o. v.

Counsel for defendant also relies heavily on KRS 360.040, which states, in part, "A judgment shall bear interest from its date." However, counsel for plaintiffs contends that when this Court held on the first appeal that the lower court was in error in granting judgment n. o. v. in favor of defendant on March 22, 1960, the effect was to hold that the original judgment in favor of plaintiffs was in fact never effectively lost but always in fact existed. We agree with this contention and the Missouri case cited. Reimers v. Frank B. Connet Lumber Co. (1954), Mo., 273 S.W. 2d 348.

We think the issue herein is a novel question in Kentucky worthy of consideration, and that it was proper to sustain the motion for an appeal. However, for the reasons given we think the lower court properly allowed interest from March 22, 1960.

We recommend that the judgment be affirmed.

The opinion is approved by the Court and the judgment is affirmed.