**Eugene DECKER, Curtis Duvall, Jerome Duvall, Chester Van Meter and Opal Decker, Appellants,**

v.

**GLASSCOCK TRUCKING SERVICE, INC., Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Rehearing Denied Jan. 28, 1966.

Hatcher & Lewis, J. T. Hatcher, Elizabethtown, Charles B. Zirkle, Louisville, B. M. Vincent, Brownsville, for appellants.

Hobson L. James, Elizabethtown, for appellee.

STEWART, Judge.

The controversy to be resolved in this appeal is whether John Traylor, d. b. a Traylor Trucking Service (herein called "Traylor") and his truck driver, Roy Shelby Cook, had the relationship with Glasscock Trucking Service, Inc. (herein called "Glasscock") of master and servant or of independent contractor.

Appellants (five in number) sued Traylor, Cook, Glasscock and Material Haulers, Inc., to recover damages allegedly incurred to their person and property when a truck owned by Traylor, driven by Cook, ran into a car owned and operated by appellant, Eugene Decker. The other four appellants were passengers in the car. At the conclusion of all the evidence Glasscock moved the trial court to return a verdict in its favor. This motion was sustained on the ground that Traylor was an independent contractor.

Under other instructions, the jury found that Cook was negligent in the operation of the truck he was driving and returned a verdict for each of appellants against Traylor and Cook. Appellants then moved, among other pleas, for a judgment n. o. v. against Glasscock, which was overruled, and this appeal followed.

The facts necessary to determine the question raised may be briefly stated. They are that Glasscock was the holder of a contract to transport road material in connection with the construction of a section of the West Kentucky Parkway. Glasscock, being under pressure to complete his contract on time, entered into an oral agreement with Traylor for the latter to furnish trucks and drivers to haul asphalt at so much per ton mile. Glasscock supplied Traylor with his gas and spare parts at cost. Traylor was paid by Glasscock once each month, the cost of the gas and oil used by Traylor being deducted. Traylor settled with his drivers. Glasscock told Traylor where to haul, what to haul, and which roads to travel over. Glasscock could regulate the number of Traylor trucks to be used or could terminate the agreement at any time. Likewise, Traylor could call off the haulage agreement at will. A foreman of Glasscock gave general directions to Traylor concerning all hauling.

We can find no significant distinction between the case at bar and that of Tindall v. Perry, Ky., 283 S.W.2d 700. The facts in the Perry case are practically identical with those shown here. In that case a quarry operator, Blanton, engaged a corporate carrier, Webb, to transport stone from a quarry to a construction project. The corporate carrier hired from a truck owner, Perry, a truck with the latter's driver, Peyton. The corporate carrier had a "foreman-in-charge" at the quarry who instructed the truck driver where to deliver the stone. The driver of the Perry truck, Peyton, struck and killed a man named Tindall. (The names of parties involved in the litigation in the Perry case are abbreviated.)

The question raised in the Perry case was: Did liability attach to Webb, the corporate carrier, for the reason that the Perry truck and its driver, under the facts recited, were in the relationship of servants to Webb? This Court answered that question in the affirmative, saying:

"* * * The immediate, ultimate and residual control of this truck and its driver, or the right of control, reposed in Webb. * * * By a proc-

ess of elimination, the residue of supervision reposed in Webb, and it was responsible for the acts of Peyton."

Because of their factual similarity we believe the holding in the Perry case controls our decision in the case at bar. See also Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S.W.2d 1014.

 It has been said that an independent contractor is one who furnishes a specialized service to produce a predetermined result. See Partin-Lambdin Lumber Company v. Frazier, Ky., 308 S.W.2d 792. The factor that largely determines whether there is the relationship of master and servant or of independent contractor is the right to control upon the part of one who purports to be a master. It is immaterial, as noted in the Perry case, whether the master did in fact control. The question is did the master have a right to control?

We conclude the record in this case shows that Glasscock had the right to control the trucks of Traylor. It could work a truck or not work it on a particular day. It could designate when and where each load of material was to be transported; and it could direct the route over which it was to be hauled. It could begin or terminate the movement of a truck at any time. It furnished the gasoline and the spare parts, at cost, which was later deducted, and paid Traylor on the basis of so much per ton per mile. In truth, Traylor's truck driver was working regularly for Glasscock under continuing instructions in the performance of daily work that was an integral part of Glasscock's business.

The jury found Cook to be negligent and assessed the damages resulting from that negligence. As Traylor and Cook occupied the position of servants or employees of Glasscock, it follows that appellants are entitled to a judgment n. o. v. against Glasscock under the doctrine of respondeat superior. Since the questions of negligence and damages have been determined, this case should be remanded for

the entry of a judgment for each of the individual appellants against Glasscock for the amounts of the jury's verdict.

Wherefore, the judgment is reversed and remanded for the entry of a new one against Glasscock for the amounts of the jury's verdict rendered for each of appellants.