**Eugene DECKER et al., Appellants,**

v.

**GLASSCOCK TRUCKING SERVICE, INC., Appellee.**

Court of Appeals of Kentucky.

May 27, 1966.

J. T. Hatcher, Hatcher & Lewis, Elizabethtown, B. M. Vincent, Brownsville, Charles B. Zirkle, Louisville, for appellants.

H. L. James, Elizabethtown, for appellee.

DAVIS, Commissioner.

The appeal before us questions the propriety of the trial court's denial of interest upon judgments entered in behalf of appellants against appellee pursuant to the mandate of this court following our decision in Decker v. Glasscock Trucking Service, Inc., Ky., 397 S.W.2d 773. Appellants' motion for appeal has been sustained. KRS 21.080.

■ It is to be observed that a directed verdict was returned at the original jury trial of the numerous claims arising out of the motor vehicle accident in this case, by which directed verdict the present appellee was absolved from responsibility as to the claims of the present appellants. That case proceeded to verdict and judgment against other defendants, and these appellants were awarded separate verdicts in varying amounts as to each. Judgment was entered upon those verdicts on May 4, 1964, by the terms of which the respective plaintiffs (present appellants) were allowed recovery of interest at 6% per annum upon their respective judgments from the judgment date, May 4, 1964. The effect of our decision in Decker v. Glasscock Trucking Service, Inc., Ky., 397 S.W.2d 773, was to reverse the granting of a directed verdict and consequent judgment to appellee Glasscock Trucking Service, Inc., with directions to enter judgment for each of the appellants against Glasscock Trucking Service, Inc., in accordance with the verdict rendered.

Upon remand of the case the circuit court entered judgment against Glasscock for the present appellants in the respective amounts awarded to them by the jury at the original trial, but denied appellants' motion that the judgment bear interest at 6% per annum from May 4, 1964, (the date of the original judgment upon the verdict). Instead, the new judgment provided that interest upon the judgment should accrue at 6% per annum from February 22, 1966, the date of its entry.

The matter of interest upon judgments is treated in KRS 360.040 in these words and figures:

"A judgment may be for the principal and accrued interest; but if rendered for accruing interest, it shall bear interest only according to its terms. Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than six per centum (6%) if the court rendering such

judgment, after a hearing on that question, is satisfied that the rate of interest should be less than six per centum (6%). All interested parties must have due notice of said hearing. (1942, c. 99. Eff. June 1, 1942.)"

When the judgment on the original verdicts was entered on May 4, 1964, the claims of these appellants became liquidated claims. As noted, the judgment of May 4, 1964, provided for interest to accrue on the money judgments from the date of the judgment. But for the error of the trial court in directing a verdict for Glasscock Trucking Service, Inc., the judgment against it would have borne interest at 6% from May 4, 1964. Virtually the same question as is presented here was adjudicated by this court in Elpers v. Johnson, Ky., 386 S.W.2d 267 in which it was written, in part:

" * * * we are of the opinion that plaintiffs were entitled to interest from the date the judgment should have been entered."

■ It is noted that KRS 360.040 reposes discretion in the trial judge in the matter of fixing an interest rate at less than 6% in instances of reduction of unliquidated claims to liquidated judgments. However, that statute requires a hearing on the subject, pursuant to notice. This partial record, appropriately before us upon a statement of points accompanying the designation for partial record, fails to disclose that any such hearing was had. Appellee did not avail itself of the opportunity to file a counter-designation of record to reflect any such hearing, nor is there any contention that such a hearing was had. In these circumstances, it is apparent upon the record that the trial judge did not purport to act pursuant to KRS 360.040.

The judgment is reversed with directions to enter a new one fixing the commencement date for computation of interest as May 4, 1964, as to each of the sums awarded the respective appellants.