**William BRANAMAN, Agent, Appellant,**

**v.**

**BLACK TAM MINING COMPANY et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Oct. 24, 1969.

William Branaman, King, Deep, Branaman & Hunt, Henderson, for appellant.

J. D. Ruark, Wathen & Wesley, Morganfield, for appellees.

DAVIS, Commissioner.

The principal question presented by this appeal is whether a certain deed recorded in Webster County was properly recorded there so as to constitute constructive notice of its provisions. The trial court determined that the deed was properly recorded and afforded constructive notice. We have reached the same conclusion and affirm.

The facts were stipulated by the parties. The stipulation discloses that on December 13, 1902, a deed, regular in all respects, was recorded in the county court clerk's office of Webster County by which A. B. Hudson and his wife conveyed to J. A. Dalton a tract of land containing 17⅞₆ acres. The tract is located in Webster and Union Counties, but the greater portion of it is situated in Webster County. In 1902 by a separate deed, J. A. Dalton acquired title to two other tracts, one of 36 acres and the other of 44 acres. These tracts also lie partially in Webster County and partially in Union County, but the greater portion of them is in Union County.

In 1905 J. A. Dalton executed and delivered a deed to United States Gas, Coal & Coke Company, whereby he conveyed all of the coal underlying all three of the tracts. In that deed the individual tracts were separately described. The appellees are successors in title of United States Gas, Coal & Coke Company. The deed was recorded in Webster County only.

In 1919 J. A. Dalton executed and delivered to J. L. Dalton a deed purporting to convey to J. L. Dalton the fee simple title of the tract containing 17⅞₆ acres, without reflecting any previous severance of the coal rights. The appellant is successor in title to J. L. Dalton and asserts that the deed from J. A. Dalton to United States Gas, Coal & Coke Company was improperly recorded in Webster County, since the greater portion of the land conveyed by it was situated in Union County. Appellant argues that J. L. Dalton, his predecessor in title, took fee simple title to the tract of 17⅞₆ acres since he had no actual notice of the prior conveyance and since there was no constructive notice to him because, as he contends, the deed was not recorded in the proper county.

KRS 382.110(1) provides:

"All deeds, mortgages and other instruments required by law to be recorded to be effectual against purchasers without notice, or creditors, shall be recorded in the county clerk's office of the county in which the property conveyed, or the greater part thereof, is located.

KRS 382.270 provides:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section 'creditors' includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance."

KRS 382.080(1) provides:

"No deed conveying any title to or interest in real property, or lease of oil, gas, coal or mineral right and privilege, for a longer time than five years, nor any agreement in consideration of marriage, shall be good against a purchaser for a valuable consideration without notice thereof, or any creditor, unless the deed is acknowledged by the party who executes it, or is proved and lodged for record in the proper office, as prescribed by law."

The appellant points out that the deed from J. A. Dalton to United States Gas, Coal & Coke Company conveyed three tracts of land, the greater portion of which, when considered in the aggregate, lies in Union County. That being true, reasons the appellant, the deed was not properly recordable in Webster County and, therefore, could not and did not suffice as constructive notice to J. L. Dalton, appellant's predecessor in title.

[1] It is generally accepted that the unauthorized recording of an instrument will not operate to give constructive notice of the contents of that instrument. See 3 A. L.R.2d, pages 578–580 which includes Eubanks v. Wilson, 252 Ky. 110, 66 S.W.2d 65, in a compilation of decisions of this court recognizing that principle of law. Accepting the premise that no constructive notice arises by virtue of recording an instrument which is not authorized by law to be recorded, we come to the narrow question presented on this appeal—was the deed from J. A. Dalton to United States Gas, Coal & Coke Company authorized by law to be recorded in Webster County? We hold that it was.

KRS 382.110(1) does not advert to instruments affecting numerous separate tracts in specifying the appropriate county for recordation. As noted, the applicable language of that statute is: "* * * shall be recorded in the county clerk's office of the county in which the property conveyed, or the greater portion thereof, is located." For the purposes at hand, "the property conveyed" by J. A. Dalton's deed to United States Gas, Coal & Coke Company was the tract of 17⁹⁄₁₆ acres, the greater portion of which lies in Webster County. A deed affecting and conveying that tract was properly recordable in Webster County and afforded constructive notice of its contents. It is patent that a deed affecting only the tract of 17⁹⁄₁₆ acres properly would be recorded in Webster County. The fact that two separate tracts also were conveyed by the same deed does not serve to destroy the deed's eligibility for recordation in Webster County, as affecting the 17⁹⁄₁₆-acre tract. It follows that the trial court ruled correctly.

We do not have for decision and do not decide what result would have obtained had these three tracts been conveyed by a new perimeter description including all of them. Whatever may be the rule, it seems clear that the better and usual practice of recording is to record deeds and other instruments affecting title to real estate in each county in which any part of

the real estate affected is situated. The statute does not specifically require this, and we are not to be understood as holding that it does.

■ The appellant contends that it was error for the trial court to require appellant to repay royalties received by it with interest calculated from the date of judgment. This contention is based on a provision in the lease between appellant and Black Tam whereby the lessor agreed to repay to Black Tam any royalties received "without interest, in the event of failure of title adjudicated by a Court of *last resort*." (Emphasis added.) In these circumstances it was improper for the trial court to adjudge interest payable from the date of entry of the circuit court judgment. KRS 360.040, as construed in Elpers v. Johnson, Ky., 386 S.W.2d 267, does not control here because the parties contracted otherwise. The judgment will be modified to provide for interest to be computed from the date of entry of this court's mandate.

The judgment is affirmed, to be modified as provided in the opinion.

All concur except PALMORE, J., who did not participate in the decision of this case.