Eugene Attkisson, Dept. of Mines & Minerals, Lexington, William Davis, Asst. Atty. Gen., Frankfort, for appellees.

**Sherry Ann TRUMAN, Administratrix of the Estate of Commodore Lewis Truman, Deceased, Appellant,**

v.

**KENTUCKY BOARD OF CLAIMS and the Commonwealth of Kentucky Department of Mines & Minerals, Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1986.

As Modified on Denial of Rehearing March 20, 1987.

Before CLAYTON, GUDGEL and DUNN, JJ.

DUNN, Judge.

This appeal is from the final judgment of the Floyd Circuit Court limiting the appellant administratrix's claim on behalf of her decedent's estate against the appellees Kentucky Board of Claims and Department of Mines and Minerals to $25,000.00 under KRS 44.070(5) rather than allowing her the maximum award of $50,000.00.[1] We reverse and remand.

Decedent Commodore Lewis Truman died on March 1, 1982, as a result of injuries sustained in a roof fall at a coal mine owned by the C & T Mining Co. in Floyd County, Kentucky. He was the owner of one-half interest in that company. On the date of his death, the owners and employees of the company were preparing a new opening to the mine. Two Department of Mines and Minerals employees were present at the time and place of the acci-

---

1. By supplemental brief tendered September 29, 1986, but which through clerical misdirection was not brought to this panel's attention prior to the rendition of this opinion on October 3, 1986, appellant advises that after this case was submitted on December 16, 1985, to this Court's docket for decision without oral argument, the Kentucky General Assembly at its 1986 Regular Session amended KRS 44.070 effective July 15, 1986, increasing the maximum award which a claimant could receive through the Board of Claims from $50,000.00 to $100,000.00. This amendment, however, does not affect the result in this opinion. Even though the appellant's damages might be greater, she is limited to the $100,000.00 damages proven by stipulation before the Board of Claims and presented as the damages to the trial court, reduced pursuant to the comparative negligence of the parties to the same $50,000.00 award allowed as in the opinion.

dent. The company had not obtained the approval of the Commissioner of the Kentucky Department of Mines and Minerals prior to attempting the new opening and the trial court found that the negligence of the company, and therefore of the decedent as a co-owner, in failing to secure such approval was a substantial factor in causing his death. Similarly, the trial court also found that the failure of the mine inspector who was present to determine whether the new opening had been approved constituted negligence on the department's part which was an equal, proximate, substantial causative factor of the accident which caused the death. Thus, the court determined that pursuant to *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), under the doctrine of comparative negligence, that each party was 50% negligent.

The parties had filed an agreed stipulation stating:

...: That damages suffered by the Plaintiff herein by virtue of the lost earning capacity of Commodore Lewis Truman are in excess of One Hundred Thousand Dollars ($100,000.00).

The stipulation also noted that KRS 44.-070(5) limited recovery to $50,000.00. Therefore, the court ordered "That Plaintiff-Appellant recover from defendant-appellee, Department of Mines and Minerals, the amount of Twenty-five Thousand Dollars ($25,000.00), representing one-half of the maximum permissible recovery contemplated by KRS 44.070(5)."

The sole issue on appeal is whether the appellant should recover one-half of the $50,000.00 limitation on awards as set forth in KRS 44.070(5) or whether she should recover one-half of the stipulated damages up to the $50,000.00 limitation on awards as stated above.

This issue, although being one of first impression in this Commonwealth, is fairly simple to resolve. The statute with which we are concerned in pertinent part states:

Regardless of any provision of law to the contrary, the jurisdiction of the board is exclusive, and a single claim for the recovery of money or a single award of money should not exceed fifty thousand dollars ($50,000.00), exclusive of interest and costs.

This language clearly deals with the limitation on the amount of money one can recover on a claim. There is no logical relationship between such limitation and damages which are proven by a party in a law suit. As the above noted stipulation stated, the decedent suffered damages in excess of $100,000.00 in lost earnings alone. Under that stipulation, appellant's damages award under the comparative negligence doctrine would be at least $50,000.00 or one-half of at least the damages stipulated of $100,-000.00. The comparative negligence doctrine applies to damages rather than to limitation of recovery. Therefore, the trial court was in error in awarding the appellant one-half of the statutory limitation of $50,000.00. Rather her award should have been one-half of the damages stipulated but not to exceed $50,000.00, the statutory recovery limitation.

The judgment is reversed and this case is remanded to the trial court for entry of judgment awarding appellant $50,000.00 and costs.

All concur.