**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellants,**

v.

**Teresa ESENBOCK; Steven Esenbock, As Administrator of the Estate of Juanita Esenbock; Kentucky Board of Claims, Appellees.**

**Nos. 2004–CA–002467–MR, 2005–CA–000181–MR.**

Court of Appeals of Kentucky.

July 28, 2006.

Andrew M. Stephens, Lexington, KY, for appellant, Commonwealth of Kentucky, Transportation Cabinet, Department of Highways.

Stuart N. Pearlman, Louisville, KY, for appellees.

Before McANULTY [1] and SCHRODER, Judges; ROSENBLUM,[2] Senior Judge.

---

1. Judge William E. McAnulty, Jr. concurred in this opinion prior to his resignation effective July 5, 2006, to accept appointment to the Kentucky Supreme Court. *Release of the opinion was delayed by administrative handling.*

2. Senior Judge Paul W. Rosenblum sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

## OPINION

ROSENBLUM, Senior Judge.

The Commonwealth of Kentucky, Transportation Cabinet, Department of Highways (Cabinet), appeals from a judgment of the Franklin Circuit Court awarding Teresa Esenbock and the Estate of Juanita Esenbock (the Estate) post-judgment interest on their respective Board of Claims awards calculated from February 10, 1999. For the reasons stated below, we affirm.

On May 21, 1988, near Canonsburg, Kentucky, Teresa Esenbock was attempting to make a left turn from the turn lane of U.S. 60 onto Ky 180. Before the turn could be completed, Teresa Esenbock's vehicle was struck by a vehicle traveling in the opposite direction on U.S. 60 driven by Joann Hardwick. The accident resulted in multiple injuries to Teresa Esenbock, and also caused the death of her mother, passenger Juanita Esenbock. Serious injuries were also suffered by Joann Hardwick.

Teresa Esenbock and the Estate of Juanita Esenbock filed an action with the Kentucky Board of Claims seeking to fasten liability upon the Transportation Cabinet as the result of several matters, including an insufficient traffic light, excess open pavement in the intersection, and an improper grade at the intersection. On April 8, 1998, the Board entered its Findings of Fact, Conclusions of Law and Order determining that the Transportation Cabinet was 20% at fault in causing the accident, Teresa Esenbock was 20% at fault, and Joann Hardwick was 60% at fault.

In calculating the Transportation Cabinet's damage award liability to Teresa Esenbock and the Estate of Juanita Esenbock, the Board applied, without regard to the actual damages suffered by the claim-

ants, the Cabinet's 20% comparative fault to the then existing $100,000.00 statutorily prescribed limitation on awards contained in KRS 44.070(5).[3] This calculation determined the Cabinet's comparative fault liability to be $20,000.00 to each claimant. The Board determined that Juanita Esenbock's estate had received $27,500.00 in collateral source payments, and deducted that amount from the Cabinet's comparative fault liability to arrive at a net damage liability of zero. Teresa Esenbock's collateral source payments of $11,015.75 were likewise deducted from the Cabinet's comparative fault liability to produce a net award of $8,984.25.

Teresa and the Estate filed a motion for reconsideration with the Board, which was denied on May 21, 1998. The appellants thereupon appealed the decision of the Board to the Boyd Circuit Court. On February 10, 1999, Boyd Circuit Court entered an Opinion and Order affirming the Board's decision. The Opinion and Order also had the effect of reducing the awards to an enforceable judgment pursuant to KRS 44.140(5). Teresa and the Estate filed a motion for additional findings of fact and conclusions of law, which was denied by order entered March 24, 1999.

Teresa and the Estate then appealed to this Court. In an unpublished opinion rendered on December 22, 2000 (*See* Case Nos. 1999–CA–000543–MR and 1999–CA–001080–MR) this Court concluded that the Board had erroneously based its awards to Teresa and the Estate upon the then existing $100,000.00 award cap multiplied by the 20% comparative fault responsibility of the Cabinet. We determined that, pursuant to *Truman v. Kentucky Board of Claims,* 726 S.W.2d 312 (Ky.App.1986), the awards should be based upon 20% of the actual damages suffered, less collateral

---

**3.** The limitation has since been increased to $200,000.00.

source payments, but not to exceed $100,000.00. We remanded the matters to the Board of Claims for a proper determination of the damage awards.

On remand, on October 18, 2001, the Board entered its Findings of Fact, Opinion, Conclusions of Law, and Judgment amending its awards to Teresa and the Estate in conformity with this Court's mandate. After applying *Truman*, the amended award awarded Teresa Esenbock $69,297.15, an increase of $60,312.90 over the original award. The amended award awarded the Estate was $6,385.00, an increase of $6,385.00 over the original award.

On November 7, 2001, Teresa and the Estate filed a motion for reconsideration requesting that the Board award both prejudgment interest and post-judgment interest pursuant to KRS 360.040. On February 21, 2002, the Board entered an Opinion and Order denying an award for prejudgment interest and determining that it lacked jurisdiction to award post-judgment interest on the basis that application and enforcement fell within the purview of the circuit court pursuant to KRS 44.130.

On April 8, 2003, Teresa and the Estate filed a Complaint and Petition for Declaratory Judgment in Franklin Circuit Court wherein it sought post-judgment interest upon the amended awards calculated from February 10, 1999.[4]

On August 13, 2004, Teresa and the Estate filed a motion for summary judgment. On September 16, 2004, the circuit court entered an order granting Teresa and the Estate the relief requested, i.e., post-judgment interest from February 10, 1999, the date Boyd Circuit Court affirmed the Board's original (erroneous) award.

The Cabinet subsequently filed its notice of appeal from that order (Case No. 2004–CA–002467–MR). Apparently because the September 16, 2004, order failed to specifically rule on the pending motion for summary judgment, on December 7, 2004, the circuit court entered an order granting the motion and again determining that the appellants were entitled to post-judgment interest on the amended award from February 10, 1999. The Cabinet subsequently filed its notice of appeal from that order (Case No. 2005–CA–000181–MR).

■ The Cabinet first contends that the Franklin Circuit Court did not have jurisdiction to hear the appellants' request for post-judgment interest. According to the Cabinet, the proper circuit court to have considered this issue is Boyd Circuit Court, the court which affirmed the Board's original award on February 10, 1999.

Franklin Circuit Court had subject matter jurisdiction to consider the issue at hand. "[T]he rule that subject-matter jurisdiction cannot be born of waiver, consent or estoppel has to do with those cases only where the court has not been given any power to do anything at all in such a case, as where a tribunal vested with civil competence attempts to convict a citizen of a crime. In other words, 'subject matter' does not mean 'this case' but 'this kind of case' ...." *Duncan v.O'Nan*, 451 S.W.2d 626, 631 (Ky.1970) (quoting in *In Re Estate of Rougeron*, 17 N.Y.2d 264, 271, 270 N.Y.S.2d 578, 583, 217 N.E.2d 639, 643 (1966)).

KRS 44.140 provides that "[a]ny claimant whose claim is one thousand dollars ($1,000) or greater may within forty-five

4. On January 3, 2003, Teresa and the Estate had filed a miscellaneous action in Franklin Circuit Court addressing post-judgment interest issues. While the parties discuss the mis-

cellaneous action in their respective briefs, those proceedings are not relevant to our review, and we need not address the litigation which transpired therein.

(45) days after receipt of the copy of the report containing the final decision of the board, file a proceeding in the Circuit Court of the county wherein the hearing was conducted to review the decision of the board." If the events in this case had occurred in Franklin County instead of Boyd County, then Franklin Circuit Court would have been the proper court in which to challenge decisions of the Board. It follows that Franklin Circuit Court has subject matter jurisdiction over "this kind of case," and is on an equal footing with Boyd Circuit Court in this respect. Hence, we disagree with the Cabinet's claim that Franklin Circuit Court did not have subject matter jurisdiction over the issues raised in the appellants' April 8, 2003, Complaint and Petition for Declaratory Judgment.

 The objection of the Cabinet is better viewed as an objection to venue as opposed to jurisdiction. As previously noted, the appellants in effect sought to challenge the Board's denial of their request for post-judgment interest. From this perspective, proper venue may have been in Boyd Circuit Court pursuant to KRS 44.140(2).[5] This presents an issue of venue, not jurisdiction. "Unlike jurisdiction, however, venue may be conferred by waiver[.]" *Fritsch v. Caudill*, 146 S.W.3d 926 (Ky.2004). In its August 26, 2004 Response to Motion for Summary Judgment, the Cabinet stated as follows:

5. KRS 44.140(2) provides, in relevant part, that "[a]ny claimant whose claim is one thousand dollars ($1,000) or greater may within forty-five (45) days after receipt of the copy of the report containing the final decision of the board, file a proceeding in the Circuit Court of the county wherein the hearing was conducted to review the decision of the board." However, we further note that KRS 44.130 provides that "Orders, awards, and judgments of the board may be enforced by filing in the office of the clerk of the Franklin Circuit Court an authenticated copy of the order,

The Respondent believes however, that the appropriate forum for determination may not be this Court, but the Boyd Circuit Curt. However, because the case is this old and because the Commonwealth believes that it has already previously paid the amounts in per Order of this Court *the Commonwealth will waive any Jurisdiction or Venue issue at this time.* (Emphasis added).

We construe the above statement by the Cabinet as an unequivocal waiver of objection to venue in Franklin Circuit Court. Hence, even if Boyd Circuit Court was the proper venue to challenge the Board's denial of the appellants' request for post-judgment interest, the Cabinet waived challenge to venue, and it may not now object upon appeal that Franklin Circuit Court was not the proper venue for litigation of this matter.

 The Cabinet also alleges that the circuit court erroneously awarded post-judgment interest on the amended awards retroactive until February 10, 1999. The Cabinet's position is that on February 10, 1999, the Boyd Circuit Court affirmed only the lesser original awards, and that post-judgment interest should run from February 10, 1999, only on the lower amounts. The Cabinet argues that post-judgment interest on the incremental increase on the original awards should run only from October 10, 2001, the day the amended awards were entered by the Board.

award, or judgment, which, when ordered entered by the judge of the court, shall be entered on the order book and become to all effects and purposes an order, award, or judgment of the court, and be enforceable in a like manner." Inasmuch as the appellants were attempting to enforce the judgment of the Boyd Circuit Court entered on February 10, 1999 (interpreted to reflect the amount of the amended awards plus interest), from this prospective, Frankfort Circuit Court would appear to be the proper circuit court in which to file the matter.

A judgment is defined by Kentucky Rules of Civil Procedure 54.01 as "a written order of a court adjudicating a claim or claims in an action or proceeding." KRS 44.140(5) provides that as part of the disposition of an appeal from a decision of the Board, such as the appeal taken by the appellees which culminated in the February 10, 1999, order by the Boyd Circuit Court, "[t]he court shall enter its findings on the order book as a judgment of the court, and such judgment shall have the same effect and be enforceable as any other judgment of the court in civil causes."

Based upon the foregoing, it is clear that once an award by the Board is reduced to a judgment in circuit court, it is entitled to the same faith and credit as any other judgment. KRS 360.040 provides that "[a] judgment shall bear twelve percent (12%) interest compounded annually from its date." It follows that a circuit court judgment reducing a Board award to judgment, such as the order of the Boyd Circuit Court entered on February 10, 1999, is entitled to the post-judgment interest benefit provided for in KRS 360.040 the *same as any other judgment.*

The remaining issue is, once a judgment is entered, and the amount of the judgment is subsequently increased pursuant to the mandate of an appellate court, does the increased judgment bear interest from the date of the original judgment? Case authority discloses that it does.

In *Elpers v. Johnson*, 386 S.W.2d 267 (Ky.1965), the plaintiffs won a jury verdict of $2,700.00 each, and judgment was accordingly entered on March 22, 1960. On the same date, however, the trial court granted the defendant judgment notwithstanding the verdict. On appeal, the Court of Appeals held that the trial court erred in granting judgment notwithstanding the verdict. On remand, on May 22, 1963, the trial court reinstated the jury verdict and awarded post-judgment interest from March 22, 1960. The defendant appealed alleging that the plaintiffs were entitled to interest only from the date of the judgment entered upon remand, May 22, 1963. The Court of Appeals held that the plaintiffs were entitled to interest from the date of entry of the original judgment, March 22, 1960.

Here, the circuit court originally entered an erroneous judgment understating the awards to which appellants were entitled, which is analogous to the erroneous judgment notwithstanding the verdict entered in *Elpers*. On appeal, this Court issued a mandate increasing the award to the appellants, which is analogous to the decision of the Court of Appeals in *Elpers* that the award of judgment notwithstanding the judgment was erroneous. In *Elpers*, it was determined that interest should run from the date of the original erroneous judgment, March 22, 1960, rather than the date of the judgment entered upon remand, May 22, 1963. The date of March 22, 1960, in *Elpers* is analogous to the date of February 10, 1999, in the present case. It follows that February 10, 1999, is the correct date from which to calculate post-judgment interest. *See also Livingston County v. Dunn*, 300 Ky. 367, 190 S.W.2d 328 (1945).

The Boyd Circuit erred by understating the amount to which the appellants were entitled in its February 10, 1999, judgment. "A full correction of that error requires that interest be allowed from the date the erroneous judgment was entered and not from the date judgment was entered on the mandate." *Helton v. Hoskins*, 278 Ky. 352, 128 S.W.2d 732, 733–734 (Ky.1939). We accordingly conclude that Franklin Circuit Court correctly held that interest should run from February 10, 1999.

For the foregoing reasons the judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.